ADOLPH LENZ ET AL. v. OTTO SENS, EXECUTOR, ET AL.

Decided December 13, 1901.

1.—Will—Lapsed Legacy.

A lapsed legacy falls into the residue of the estate and goes to the residuary legatees unless it appears from a proper construction of the will that the testator intended that the residuary gift would take only a limited effect.

2.—Same—Construction—Testator's Intention—Parol Evidence.

Parol evidence attending the testator and the objects of his bounty, and of the condition of his estate, is admissible to show his intent where ambiguously expressed in his will, but not to vary its terms.

3.—Same.

See construction of a will where it is held in the light of the evidence that a lapsed legacy went to the heirs and did not fall into the residue of the estate.

Appeal from Harris. Tried below before Hon. Chas. E. Ashe.

*R. M. Hall, W. H. Crank, Walter H. Scott,* and *E. P. & Otis K. Hamblen,* for appellants.

*O. T. Holt, L. B. Moody,* and *Ross & Wood,* for appellees.

GARRETT, CHIEF JUSTICE.—This action was brought by Adolph Lenz and others, as the heirs at law of Justina Ruppersberg, against Otto Sens, the executor of the will of said Justina Ruppersberg, and T. W. House for the construction of said will, and to have paid to them as the heirs of the deceased, a special bequest made therein, which had lapsed by reason of the death of the special legatees prior to the death of the

testatrix.   Others who were named in said will as legatees in the residuary clause also became parties to the suit.   The case was tried by the court without a jury, and judgment was rendered in favor of the defendants, the court holding that the lapsed legacy fell into the residue of the estate, and went to the residuary legatees, and not to the heirs. There is no statement of facts brought up in the record, but the trial judge filed conclusions of fact from which the following statement is made:  Justina Ruppersberg died testate, June 30, 1899.  Her will was duly probated in the county court and the defendant, Otto Sens, qualified as executor.   The will is dated March 30, 1897, and makes disposition of her estate as follows:

"Item 1.   I desire and direct that my body be buried beside of the grave of my deceased husband, William Ruppersberg, and that a similar tombstone as his be erected, with the following inscription thereon:: 'Here rests Justina, wife of William Ruppersberg, born January 26,. 1828, died ——.'

"Item 2.   I direct that all my just debts and funeral charges shall be paid out of my estate as soon after my decease as shall be found convenient.

"Item 3.   I give and bequeath to my niece, Anna Kalbfleisch, nee Lenz, residing at Gelthausen, in Hesse-Nassau, all moneys that I may have on deposit or to my credit in or with the bank of T. W. House at. the time of my decease.

"Item 4.   It is my desire that my two properties, being one-half of each of lots numbers four and five, in block number eighty-three, and lot number twelve, in block number sixty-six, with improvements thereon,. and situated on the south side of Buffalo Bayou, in the city of Houston,. shall be sold by my executor, and out of the proceeds of sale thereof I give and bequeath as follows, viz:   To my nephew, Adolph Lenz, the sum of five hundred dollars; and to my brother, John Boes, the sum of ten dollars; and to the following named relations of my deceased husband, William Ruppersberg, namely, his niece, Maria Schmitz, the sum of five hundred dollars, and to his sister Gertrude Haschke, two hundred dollars; and to each of the following named nieces and nephews, Laura, Schneider, Lena Kaufhold, Justina Fricke, Lizzie Jentsch, Anna Welle, Wm. Haschke, Adolphina Wehrhahn, Ernestina Lender and Adolph Wehrhahn, two hundred dollars, and to the Faith Home of Houston two hundred dollars, and to the St. Joseph Infirmary of Houston two hundred dollars.

"Item 5.   All my household and kitchen furniture, bedding, linen and wearing apparel, I give and bequeath to the person who may have nursed me during my last sickness and at the time of my death.

"Item 6.   All the rest and residue of my estate remaining after the payment and satisfaction of my debts, funeral charges, and expenses of my estate and of the foregoing bequests I give and bequeath to the hereinabove named relations of my deceased husband, William Ruppersberg,. to be equally divided between them, share and share alike.

"Item 7. I nominate and appoint Andrew Sens to be independent executor of this will, and direct that no bond or security shall be required of him as such executor, and it is my will and I so direct that no other action shall be had in the court in the administration of my estate than to prove and record this will, and to return an inventory and appraisement of my estate. And I authorize and empower my said executor to sell and dispose of my said real estate at public or private sale, and in the manner that may seem to him best for the purpose of paying my just debts, funeral charges, and expenses of estate, and the bequests herein bequeathed. The executor acting shall be entitled to receive and retain for his services five per cent commission on all sums that he may actually receive in cash, and the same per cent on all sums that he may pay away in cash in the course of administration of the estate, but such commission shall not be allowed for receiving any cash which was on hand at the time of my death, nor for paying out money to the legatees as such, and the executor shall also be allowed all reasonable expenses necessarily incurred by him in the preservation, safe keeping, and management of the estate, and all reasonable attorneys fees that may be necessarily incurred by him in the course of the administration.

"Item 8. In the event that the said Andrew Sens shall fail and refuse to accept and qualify as such executor, then I nominate and appoint in his place and stead his son, Otto Sens, as such independent executor, with like powers and authority.

"Item 9. I admonish my said legatees against any litigation with regard to my estate."

The testatrix was the widow of William Ruppersberg, deceased. She died without leaving any children. Her sole heirs were the appellants, her brother John Martin Boes, her nephew Adolph Lenz, and her grandnephew Ludwig Kalbfleisch, who is the son of the special legatee, Anna Kalbfleisch. The relatives of her deceased husband mentioned in the will to whom special bequests were made in the fourth clause of the will, and to whom by the sixth clause the residue of the estate was bequeathed, are parties to this suit except Anna Welle. Anna Kalbfleisch and Anna Welle both died before the death of the testatrix, and she knew of their death some time prior to her own, but declined to make any change in her will when the fact of their death was called to her attention. Anna Welle left surviving her as her sole heirs her husband, R. G. Welle, and the following children, to wit: Rudolph, Helena, Freda, Otto, Walla, Julius, Gustave, and Alphonse Welle. Maria Schmitz nursed the deceased during her last sickness and at the time of her death. Justina Ruppersberg had on deposit in the bank of T. W. House at the time of her decease the sum of $21,380.25. The executor has received from cash the deceased had on hand at the time of her death and money collected by him for rent and from the sale of real estate and interest on the same the sum of $6547.55, as follows: Rent, $74.55; cash on hand, $113; sale of real estate and interest thereon, $6360. The executor is entitled to a credit at the date of the trial below for money paid out by him for the

estate including attorney fees and commissions to himself of the aggre-
gate sum of $2530.97. At the time of the trial there was a suit pending
in the same court against the executor for the sum of $2500, and there
was another in the court for the Fifty-fifth District for about the same
amount, in which there had been judgment in favor of the executor, but
in which the time for writ of error had not elapsed. The deposit in the
bank of T. W. House still remained in said bank at the time of the trial.

The rule of law controlling the disposition of the lapsed legacy to
Anna Kalbfleisch is well settled. A lapsed legacy falls into the residue
of the estate and goes to the residuary legatee unless it should appear
from a proper construction of the will that the testator meant that the
residuary gift should take only a limited effect. Moss v. Helsley, 60
Texas, 437; Schouler on Wills, sec. 519. The intention of the testator,
as gathered from the will, must control in the construction of a will.
Parol evidence of the circumstances attending the testator and the ob-
jects of his bounty, and of the condition and character of the estate, is
admissible to throw light upon the will, so as to get at the intention of
the testator ambiguously expressed, but not to vary the terms themselves
of the will. The intention can not be shown by parol evidence. Hawes
v. Foote, 64 Texas, 22; Cleveland v. Cleveland, 89 Texas, 451; Phileo v.
Holliday, 24 Texas, 38; Howze v. Howze, 19 Texas, 553.

Justina Ruppersberg died seized of an estate worth nearly $30,000. It
is not shown how much of this she had at the time the will was executed,
but it is a fair inference that it was not much less, as the will was made
only a little more than two years before her death. The amount of the
deposit in the bank of T. W. House at that time is not shown, but it may
also be inferred from the evidence as to the character of the property
on hand at her death and its correspondence with the property mentioned
in the will that it was practically the same; at least, a large amount. It
appears that she died childless, but had blood relations,—a brother and
a nephew, besides the child of her niece,—to whom she had given the
deposit in the bank. It appears also that she had no real estate except
that mentioned in the will, and it may be inferred that all of her prop-
erty, as it existed at the time of her death was mentioned in the will.
After giving to her niece the bulk of her estate, she desires that "my
two properties" be sold and out of the proceeds of the sale "I give and
bequeath," and then follow a number of small legacies to her brother
and nephew, and the relations of her deceased husband, and two chari-
ties named, amounting in all to $3410; and in clause 7 she gives special
directions as to the manner of the sale of her real estate "for the pur-
pose of paying my just debts, funeral charges, and expenses of estate, and
the bequests herein bequeathed."

So it is clear that the two properties were her real estate, and that she
charged this real estate especially with the payment of all debts and ex-
penses and of the "bequests herein bequeathed." The nature of the be-
quest to Anna Kalbfleisch was an exclusive appropriation from the
assets of the estate of the deposit in the bank of T. W. House, and the

manner of providing for the other bequests was restrictive of their payment out of the real estate. There was no other property to amount to anything, and the testatrix seems to have treated this property as the fund for the satisfaction of every other legacy and charge against the estate. And the residuary clause, giving all the rest and residue of the estate, after payment and satisfaction of the debts, funeral charges, and expenses of the estate, and of "the foregoing bequests," seems restricted to the proceeds of the real estate, espcially since the expressions "foregoing bequests" and "bequests herein bequeathed" are of qual meaning, and in clause 7, "bequests herein bequeathed" could only refer to the bequests to be paid out of the real estate. It is clear that the testatrix, in the use of the words "foregoing bequests," had reference to the bequests referred to, and the payment of which were provided for as "bequests herein bequeathed" in clause 7 of the will, and that "the residue of the estate" remaining after the payment of the debts, funeral charges, and expenses of the estate and of the "foregoing bequests" should be confined to the real estate dealt with and the small amount of cash and rents, and could carry no more than the residue thereof. The particularity with which the bequests are made to the relations of the husband, their small amount, the particular nature and manner provided for their payment, and the probability of a small residue, together with the language used in the two clauses first providing the manner of the payment of the "bequests bequeathed," referring to the bequests in clause 4, and the disposition of the residue after paying the "foregoing bequests" in clause 6, as well as the careful provision in both of these clauses for the payment first out of the sale of the real estate of the debts, funeral charges, and expenses of administration, lead to the inevitable conclusion that in the residue of her estate the testatrix did not mean to include and did not include the deposit in the bank of T. W. House. In view of the particular provision that the debts and funeral charges shall be paid out of the real estate, the meaning of the word "estate" in clause 4, where the testatrix directs these charges to be paid out of her estate, is made more apparent by reference to clause 3, where she directs that they shall be paid out of her estate. We are of the opinion therefore that the lapsed legacy in favor of Anna Kalbfleisch did not fall into the residue and that it should be distributed to the heirs of the testatrix. The judgment of the court below is reversed and judgment is here rendered in favor of the appellants.

*Reversed and rendered.*

Writ of error refused.