### BITTNER v. BITTNER et al.
### No. 7441.

Court of Civil Appeals of Texas. Austin.
April 30, 1930.

Rehearing Denied May 14, 1930.

Marcus Schwartz, of Hallettsville, and Edw. H. Moss, of La Grange, for appellant.

Wood & Wood, of Austin, for appellees.

BLAIR, J.

Appellant, as independent executor of the will of Mrs. Magdalena Bittner, deceased, and for himself, instituted this suit against testatrix's heirs at law to construe her will for the purpose of ascertaining whether she intended that the real estate devised to Ida Bittner by clause 3 of the will, and the one-fourth interest of the residuary estate bequeathed to her by clause 10 of the will, both of which lapsed because the devisee legatee predeceased testatrix, should pass into the residuary estate and be disposed of under the residuary clause, or whether testatrix intended that same should become intestate property and pass to her heirs at law. The material parts of the will read as follows:

"That I, Mrs. Magdalena Bittner, feme sole, surviving wife of Chas. Bittner, sr., deceased, of the county of Fayette and State of Texas, being of sound and disposing mind and memory, and being desirous to settle my worldly affairs while I have strength so to do, do make this my last will and testament, hereby revoking all others heretofore by me made; to say: * * *" (Clauses 1 and 2 direct the manner of burial of testatrix, the erection of a suitable monument and the payment of her debts.)

"Third: I give, bequeath and devise to my daughter, Miss Ida Bittner, feme sole, the following described lands, viz.:" (Consisting of seven tracts, aggregating 560 acres and specifically described.)

"To have and to hold the above described tracts unto the said Miss Ida Bittner, feme sole, as her share in my estate; for her use and benefit; to sell or otherwise dispose of as to her may seem proper without any interference from any source." (Clauses 4 to 8, both inclusive, are special money bequests to testatrix's grandchildren, ranging from

$4,000 to $12,000 each, and aggregating $28,-000.)

"Ninth: I authorize and direct my executor to sell all real estate I have left after delivering to my daughter, Ida Bittner, the acreage described in Clause '3' of this will as well as all of my personal property and his deeds and bills of sale to same as if I had signed and acknowledged same.

"Tenth: Should there be anything or sum remaining in the hands of my executor after he has complied with all the provisions enumerated in this will; I direct him to divide it equally between the following named parties: Ida Bittner, Chas. Bittner, Jr., Fred Bittner and Mrs. Laura Meyer, wife of Harry Meyer."

Clause 11 appointed appellant independent executor. Clause 12 provided that no action be had in the county court other than probating the will, returning an inventory, appraisement, and filing list of claims.

The facts show that at the time of the execution of the will Fred Bittner, Charles Bittner, Jr., Laura Meyer, and Ida Bittner were the only living children of testatrix. Lily Bittner Stavinoha and Emma Bittner Heller were daughters of testatrix, but died prior to the execution of the will. Delta Stavinoha was the only child of Lily Bittner Stavinoha, deceased, and is her sole heir at law. Lola Heller Klesel and Daisy Heller Klesel were the only children of Emma Bittner Heller, deceased, and are her only heirs at law. Ida Bittner died May 5, 1927, without issue. Testatrix died August 6, 1928, and knew of the death of her daughter Ida, who never married, and lived until her death with testatrix. At the time of testatrix's death her only heirs at law were her three children, Fred Bittner, Charles Bittner, Jr., and Laura Meyer, and her grandchildren Delta Stavinoha, Lola Heller Klesel, and Daisy Heller Klesel, all of whom are now living and are parties to this suit.

The property was the separate property of testatrix. She owned all the land devised to Ida Bittner in clause 3 at the time the will was executed, and in addition thereto about 70 acres of other land; and after the execution of the will she purchased a small home in Schulenburg. She owned all the above-mentioned land at the time of her death, and her estate was valued at $59,700. After payment of all special bequests and debts, and excluding the real property devised to Ida Bittner by clause 3 of the will, the estate remaining was valued at $17,000.

The trial court construed the will and held that because Ida Bittner predeceased testatrix the devise to her of the land described in clause 3 of the will and the one-fourth interest of the residuary estate bequeathed to her by clause 10 of the will both lapsed, and in accordance with the intention of the testatrix, as expressed in the will, became intestate property and passed to her heirs at law; hence this appeal.

The judgment with respect to the one-fourth interest in the residuary estate bequeathed to Ida Bittner as becoming intestate property is not questioned, but conceded to be correct by appellant. He contends, however, that the will as a matter of law showed testatrix intended that the real estate devised to Ida Bittner by clause 3 of the will, in the event devisee predeceased testatrix, should pass into the residuum of the estate and be disposed of in accordance with the provision of the residuary clause. We have reached the conclusion that the trial court has correctly construed the will in this respect.

The general and well-settled rule to be applied in ascertaining the scope and effect of the residuary clause, as regards the question of whether the lapsed devise and bequest fell into the residue of the estate and passed to the residuary legatees, is that the intention of testatrix must first be determined, and when so determined will govern. This rule is primary and controls even the general presumption that testatrix intended to dispose of all her estate and not die intestate of any of it. It is also the settled rule that the intention of testatrix as regards this question must be gathered from the four corners of the will in the same manner as any other matter relating to the will. Moss v. Helsley, 60 Tex. 436; Lenz v. Sens, 27 Tex. Civ. App. 442, 66 S. W. 110; Coleman v. Jackson (Tex. Civ. App.) 126 S. W. 1178 (writ of error refused); Lightfoot v. Poindexter (Tex. Civ. App.) 199 S. W. 1152, 1160, and cases there cited; 44 L. R. A. (N. S.) 811; 28 R. C. L. 336, §§ 327 & 334; 40 Cyc. 1975.

It may also be noted here that, with respect to devolution of lapsed legacies and devises, at common law, the rule was that, while lapsed legacies fell into the residue of the estate, a lapsed devise of real estate did not, but became intestate property and passed to the heirs at law of testator or testatrix. Texas is a common-law state and has not modified the above common-law rule, except as shown by the cases cited, that a lapsed devise will fall into the residuum only where the will as a whole discloses that it was the intention of testator to dispose of the whole estate. This rule is stated in a slightly different manner in Bellville Savings Bank v. Aneshaensel, 298 Ill. 292, 131 N. E. 682, 685 (Supreme Court of Illinois), as follows:

"The rule of law relating to the devolution of lapsed legacies does not apply to devises of real estate in the absence of special provisions of the will showing a contrary intention. As to such property, a general residuary devise disposing in general terms of the rest and residue of the testator's prop-

erty refers only to the real estate possessed by the testator at the time he executed the will, not otherwise disposed of by it. This rule comes from the common law, which favors the heir at law, rather than the residuary legatee, in the disposition of realty."

■ One established rule of construction to ascertain the scope and effect of the residuary clause in a will is to determine whether the power of the executor to sell property relating to the residue expressly exempted the lapsed devise from the operation of such power of sale originally. Clause 9 of Mrs. Bittner's will, supra, authorized the executor "to sell all real estate * * * left after delivery to * * * Ida Bittner the acreage described in Clause 3 of this will." The relation of this power of sale to the residuary clause is that the residuary estate was to consist only of the proceeds of the sale of such property as was sold under the power, the lapsed devise being expressly excluded.

The following from 44 L. R. A. (N. S.) 811, note on the case of Galloway v. Darby, 105 Ark. 558, 151 S. W. 1014, Ann. Cas. 1914D, 712 (Supreme Court of Arkansas), states clearly the rule:

"In ascertaining the scope and effect of a residuary clause, reference will also be had to any power of sale contained in the will relating to the residue, and the residuary clause will not be construed to cover ineffectual dispositions of property of a character to which the power would not originally apply; nor to cover property which the testator, in an ineffectual disposition thereof, has evidenced a desire not to have sold. And it has even been held that where the residuary clause relates to the proceeds of a sale to be made by the testator's executors, it will not include the subject-matter of an invalid legacy not ordered to be sold."

This rule was recognized and applied in the case of Moss v. Helsley, 60 Tex. 426, where it is held that a devise of land void because the devisee was dead at the time of the execution of the will (knowledge of this fact on the part of testator being immaterial) does not pass by a general residuary clause of all the remainder of testator's estate in lands in trust, with power to sell real estate, where the real estate included in the lapsed devise was expressly excepted from the operation of such power of sale.

■ A second rule of construction applicable here is that when an exclusive appropriation or specific devise or bequest of property is made, which lapses because devisee or legatee predeceases testator, the lapsed devise or bequest will not fall into the residuum of the estate, but will continue as a part of testator's estate unaffected by the will, unless expressly included in the residuary clause of the will. Lenz v. Sens, 27 Tex. Civ. App. 442, 66 S. W. 110 (writ of error refused);

Coleman v. Jackson (Tex. Civ. App.) 126 S. W. 1178 (writ of error refused).

In the Lenz-Sens Case, testatrix bequeathed "all moneys that I may have on deposit" in a certain bank to a niece. Other specific bequests were made. These were followed by a clause which provided that certain real estate be sold and the proceeds used in payment of these bequests and the debts of testatrix, and the residue of the estate was bequeathed to relatives of testatrix's deceased husband. Held that the bequest appropriated specific money and was exclusive and not intended to become a part of residuary estate, the residuary clause seeming to be restricted to proceeds of the real estate.

In the Coleman-Jackson Case testator devised 161 acres of land and bequeathed a watch to his grandson, who predeceased testator. Other specific bequests were made, followed by a clause that "should there remain on hand at my death any property not herein designated, I bequeath the same unto my said son (naming him) and 'should he not survive me, then said property, I hereby bequeath unto his children." Held that the specific devise and bequest to the grandson lapsed and continued a part of the testator's estate unaffected by the will, because it was not the intention of testator to include it in the residuary clause which was limited in its nature.

■ In the case at bar testatrix devised to her daughter who predeceased her, without issue, 560 acres of land. Other specific bequests were made followed by clause 9, which directed the executor to sell "all real estate" except that specifically devised to the daughter. The residuary clause was limited to the proceeds of the sale of real estate and other property not specifically devised, and provided that, "should there be anything or sum remaining in the hands of my executor after he has complied with all the provisions enumerated in this will," same should be paid to the children of testatrix named. Thus it is clearly shown that testatrix never intended, in the event her daughter predeceased her, that the specific devise of land described in Clause 3 of the will should pass into the residuum of her estate and be disposed of under the residuary clause of the will. On the contrary, such an intention is clearly negatived in the residuary clause because the residuary estate was comprised only of the property that should remain on hand at the time of the death of testatrix and not specifically devised or designated in the will. Section 3251, 6th Edition, Schouler on Wills, p. 2678; Crawford v. Mound Grove Cemetery Ass'n, 218 Ill. 399, 75 N. E. 998.

The case of Lightfoot v. Poindexter, supra, strongly relied upon by appellant, is not in point on the facts, which will be seen from an examination of it, and, on principle, supports our decision in this case.

The trial court correctly held that the one-fourth interest bequeathed to Ida Bittner by the residuary clause of the will lapsed and became intestate property of testatrix, but made a mistake in calculating the portion each heir at law of testatrix was to receive. We therefore reform the judgment so as to divide the one-fourth of the residuum that Ida Bittner would have received, had she lived, in the following proportions, to wit:

To the defendant Charles Bittner, Jr., a one-fifth part or portion.

To the plaintiff, Fred Bittner, a one-fifth part or portion.

To the defendant Laura Meyer, a one-fifth part or portion.

To the defendant Delta Stavinoha, a one-fifth part or portion.

To the defendant Lola Heller Klesel, a one-tenth part or portion.

To the defendant Daisy Heller Klesel, a one-tenth part or portion.

As thus reformed, the judgment of the trial court will be affirmed.