**BRUMLEY et al. v. NEELEY et al.**

No. 5831.

Court of Civil Appeals of Texas. Amarillo.

Dec. 15, 1947.

Rehearing Denied Jan. 19, 1948.

Smith & Pollard, of Austin, for appellants.

Hamilton & Deaver, of Memphis, for appellees.

STOKES, Justice.

This is an action in trespass to try title, instituted by the appellees, Flossie B. Neeley, J. E. Neeley, Della Worsham, Lila Alexander, Helen Sullivan Place, and D. A. Neeley, against the appellants, Raymond Brumley and Maud Wells. The appellees are the sole and only heirs at law of Ira W. Neeley, deceased, and the appellants are the executor and executrix of his last will and testament. Ira W. Neeley and his wife, Mamie, died without issue. Mrs. Neeley died prior to the death of her husband and left a will in which she bequeathed all of her property to him. Ira W. Neeley died in Hall County March 14, 1941, and left a will in which Frankie Lynn Srygley, Clayton Wells, Dick Neeley, and Jon Ira Brumley, his great nieces and nephews, were named as legatees and beneficiaries of a trust fund created by the will. The will was admitted to probate on April 4, 1941. At the time of his death, Ira W. Neeley was seized and possessed of a modest bank account, a half-section of land in Donley County, a quarter-section of land in Collingsworth County, certain royalty interests in four tracts of land located in Wheeler County, and a Ford automobile, all of which were included in the inventory and appraisement of his estate.

Appellees filed this suit in trespass to try title against the appellants in their individual capacities to recover the half-section located in Donley County and the quater-section in Collingsworth County. Neither the appellants as executors of the will nor the legatees named therein were made parties to the suit. Appellees filed dilatory pleas to the jurisdiction of the court and in abatement of the cause of action upon the ground that the cause of action was in reality, a suit to construe the will of Ira W. Neeley, deceased, and that the executors were not made parties defendant as required by Article 1982, R.C.S. 1925. The pleas in abatement and to the jurisdiction of the court were overruled and appellants then filed a joint answer consisting of a general denial, plea of not guilty, and specially denied that they or either of them, in their personal capacities, had ever exercised or asserted any claim of title to, or right of possession of, the land sued for by appellees and disclaimed as to any personal right, title, or interest therein. They alleged, however, that Ira W. Neeley died possessed of the land sued for and that he left a last will and testament in which he made provision for a trust estate of all of his property, including the land sued for by appellees, to be held intact by his executors until 1961 and to be used and ultimately sold for the benefit of his named great nieces and nephews; that appellants had taken possession of all of the property of the deceased, including the lands sued for, caused them to be included in the inventory and appraisement and were in possession thereof as executors of the last will and testament of Ira W. Neeley, deceased. The effect of their pleading was to disclaim as to any personal interest but to allege the existence of an outstanding title in third persons, not made parties to the suit, namely the executors, as such, and the great nieces and nephews of the testator, Ira W. Neeley.

The case was submitted to the court without the intervention of a jury and resulted in a judgment in favor of the appellees for title and possession of the two tracts of land and a personal judgment against the appellants for the sum of $666.-35, being rents collected from the land during the preceding two-year period by the appellants, less certain expenditures made by them for taxes and improvements on the

land. Appellants duly excepted to the judgment, gave notice of appeal, and present the case in this court for review upon twenty assignments of error. In our view of the record, the controlling issue is presented by their eighteenth assignment wherein they contend the court erred in finding and decreeing that Ira W. Neeley died intestate as to the two tracts of land sued for by the appellees and in holding that they were not included in the will and disposed of by the testator.

■ It is elementary that, in trespass to try title, the plaintiff invokes the aid of the court to recover a superior title to the land sued for. He must show a superior legal or equitable title in order to recover. It has many times been held by our courts that the plaintiff must recover, if at all, upon the strength of his own title and not upon the weakness of the title of his adversary. If it is shown that there is an outstanding superior legal title to the land involved, the plaintiff fails in the essential requirement of the law invoked by him. He is not entitled to recover and the fact of an outstanding title in a third person constitutes a good defense to an action in trespass to try title. Branch v. Baker, 70 Tex. 190, 7 S.W. 808; Kauffman v. Shellworth, 64 Tex. 179; Pool v. Unknown Heirs of Foster, Tex.Civ.App., 49 S.W. 923; Mann v. Hossack, Tex.Civ.App., 96 S.W. 767; Hunter v. Hale, Tex.Civ.App., 233 S.W. 1005.

■■ Appellants earnestly contend that, while appellees' pleading was in the form of a statutory action in trespass to try title, in effect, their suit was one to construe the last will and testament of Ira W. Neeley, deceased. We are not in accord with appellants in this contention. The nature of a cause of action is determined by the pleadings and appellees' pleading was in strict conformity with the statutory action in trespass to try title. By their own pleadings, however, appellants brought into the case the question of whether or not the land sued for by appellees was disposed of by the testator in his last will and testament or descended to the appellees as the heirs at law of the testator by reason of the fact that he died intestate as to the

two tracts of land. Obviously, if the land was disposed of by the will and placed in the trust created by its provisions, appellees were not entitled to recover because the title would, by the terms of the will, be vested in a third person, namely the trust fund to be administered by the executors and used and ultimately disposed of for the benefit of the named great nieces and nephews.

The record shows that on the 13th of March, 1941, the day before Ira W. Neeley's death, an attorney prepared a typewritten will and it was delivered to him at the hospital where he was confined by serious illness. In the afternoon of that day he summoned Miss Pearl Hague to his room in the hospital and explained to her certain features of the will with which he was not satisfied. He requested her to make notes of corrections and changes which he desired and when they were completed, it being too late in the day for a new draft to be written, he suggested that, on account of the seriousness of his condition, and the fact that he might not be living the next day, the notes she had made be attached to the will then before him and made a part of it so that, in the event of his death before it could be revised and rewritten, the instrument thus executed, including the notes made by Miss Hague, would constitute his last will and testament. This was done and the will formally executed by him in the presence of witnesses. The will and the revised notes made by Miss Hague were taken to the attorney's office the next morning by Miss Hague but, before the will could be rewritten, it was learned that Ira W. Neeley's condition had taken a decided turn for the worse and he was in a dying condition. The adverse condition rapidly progressed and he died before noon that day. The will, with the notes attached was admitted to probate and a copy of it, with the notes inserted at their proper places, accompanies the record. Its material provisions are contained in the third and fourth clauses and are as follows:

"Third. I direct that my executor hereinafter named shall take charge of and hold all of my mineral holdings and oil royalties and keep them intact and use the

income received therefrom to help defray the expense of educating Frankie Lynn Srygley, my great nieces and nephews and the great nieces and nephews of my deceased wife, Mamie Neeley. My said executor to use his discretion in the use of said funds according to the need of the respective nieces and nephews, that is, if any of said nieces and nephews should not need the financial help, then said funds are to be used to help only those who do need such help.

"Fourth. It is my will and desire and I here direct that my insurance money and the money I have in the bank shall be used for the payment of my outstanding unsecured personal indebtedness including the expenses of my last sickness and my funeral expenses, and the balance of said money, if any, shall then be applied on my indebtedness against my land.

"Frankie Lynn, daughter of Mr. and Mrs. Clinton F. Srygley and should have same consideration as grand nieces and grand nephews. Educational fund to run to 1961, when sold should be divided equally among Clayton Wells, Dick Neeley and Jon Ira Brumley, Clayton Wells, son of Mr. and Mrs. Dell Wells, Dick Neeley, son of Mr. and Mrs. J. E. Neeley, Jon Ira Brumley, son of Mr. and Mrs. Raymond Brumley, (Beneficiary). To those who only have made creditable records. Instructions. In Bank Box: Deed to Wooldridge Lmbr. Co. of royalty and let them have it as is.) To Pearle Bates Hague (face of will): Undivided mineral interest, 10 acres in and to SW¼, Section 41, Block 24, H & G N R R Survey, Wheeler Co. Texas. The above land is known as Curlee land.

"Instructions: Set aside each year amount to be used for taxes. Taxes to be paid on royalty sum due to be paid out of interest; Donley Co. place to be paid in full from interest and balance to be put on Quail place and 1st crop year pay Quail place."

Following the fourth clause, a note by Miss Hague written on the will prior to its execution is as follows: "Paragraph Fifth marked out when filed." The fifth clause in the will prepared by the attorney before the notes were made by Miss Hague was a residuary clause and provided that all of the rest and residue of his property of every kind and character should become the property of Richard Ira Neeley, Ira Brumley, Dorothy Brumley, and Maud Wells, equally share and share alike. The evidence showed that this clause was marked out and cancelled by marks drawn through each of its lines before it was executed by the testator and the instrument was in that condition when it was admitted to probate.

In the sixth clause he appointed Richard Ira Neeley, Raymond Brumley and Maud Wells executors without bond and in the seventh he provided that no action should be had in the County Court in the administration of his estate except to prove and record the will and return an inventory and appraisement of his estate and list of claims.

It will be noted that the lands involved in this suit were not specifically included in any of the bequests nor in the property which constituted the trust estate to be held intact until 1961. The only reference made to the lands is found in the fourth clause wherein the testator directed that the proceeds of his life insurance policies and the money he then had in the bank should be used to pay his unsecured indebtedness, including the expenses of his last sickness and funeral expenses, and the balance, if any, should be applied on the indebtedness against his land. Further on in the same clause he provided that the Donely County place should be paid in full from interest, the balance to be put on the Quail place and the first crop year the indebtedness on the Quail place was to be paid. "The Quail place" evidently referred to the Collingsworth County land. The only feature of the will which appears to be ambiguous is the use of the word "interest" in reference to the payment of the indebtedness on each of the tracts of land and no question is raised concerning that. Appellants contend, however, that the two references to his estate indicate the testator intended to include in the will his entire estate, including the lands here involved. They assert further that the provisions that the education, or trust, fund was to be administered by the execu-

tors, and that the proceeds of insurance policies and the money in the bank, were to be disposed of by the executors and the further provision for the payment of the indebtedness against the two tracts of land, and for an amount to be set aside each year to be used for taxes, all confirm the presumption of law that a testator intended to dispose of his entire estate and that he did not intend to die intestate as to any portion of his property. Such a presumption is indulged by the law but it will not authorize the making of a new will by the court nor justify the inclusion of property that cannot be brought within the terms of the will made by the testator. Coleman v. Jackson, Tex.Civ.App., 126 S.W. 1178; Casey v. Kelley, Tex.Civ. App., 185 S.W.2d 492.

■ We do not find in the will any evidence that Ira W. Neeley intended to include in it the lands sued for in this case and, in our opinion, the references to his estate, and the provision that the will was to be administered by the named executors, and that the insurance money and that which he had on deposit in the bank were to be used by them to discharge the indebtedness against the two tracts of land do not necessarily mean that the testator included, or intended to include, in the will any property not bequeathed by it. The provision is that his executors should take charge of and hold all of his mineral holdings and oil royalties, keep them intact, and use the income received therefrom to help defray the expenses of educating his great nieces and nephews and those of his deceased wife. The oil interests were the only property included in the trust which he created and it is the specific fund that was to exist until the year 1961. It was also the only property referred to as that which was to be equally divided among the great nieces and nephews when sold. Moreover, the fact that the testator referred to the Donley County place and the Quail place, the two tracts of land involved in this suit, shows clearly that his failure to include them in the trust or educational fund was not due to oversight, but that he had them in mind when he executed the will and indicates strongly that it was not his intention to include them in the trust which he simultaneously created.

■ Appellants further contend the court erred in excluding the testimony of Miss Pearl Hague, Mrs. Clinton Srygley and Mrs. Maud Wells concerning a conversation that was had between Miss Hague and Ira W. Neeley on the afternoon of March 13, 1941, when she made the notes requested by him for use of his attorney in preparing a new draft of his will. The excluded testimony was to the effect that the testator told Miss Hague that at the end of twenty years, the persons named in the will could have the land and royalty and they could do as they liked about it; that the notes made by Miss Hague were mere memoranda of what the testator wanted; and that he had Miss Hague erase from the will the residuary clause because, he said, he had disposed of all of his property. Miss Hague further testified that the testator had in mind this educational fund for his great nieces and nephews and said he himself had been denied an education and he wished what little he had to be used in providing an education for the named children and he thought the money from the places would take care of it. She said he told her that he wanted all of his property, except the royalty to the lumber company and the small royalty interest he bequeathed to her, to be used as an educational fund for the children named and, after twenty years, the property in the trust fund should be sold and divided among them. Appellants informed the court, and contend here, that the excluded testimony was not offered by them to vary or contradict the terms of the will; but for the purpose of explaining and showing the circumstances and conditions surrounding its execution and explaining the desires and intentions of the testator in including in the will the written notes made by Miss Hague during the conversation. We find nothing in the proffered testimony which is explanatory of any ambiguity in the will. If it had been admitted and considered by the court, its only effect would have been an attempt to include in the will the two tracts of land sued for by the appellees and thereby add them to the royalty interests, proceeds of

the insurance policies, the money on deposit in the bank, and the automobile disposed of by the provisions of the will. Parol evidence and circumstances surrounding a testator at the time he executes his will are admissible to explain ambiguities, doubtful terms and features that might be found in it; but not to vary the terms of the will, nor to add to it property not included in it, nor to show other intentions or purposes entertained by the testator. Howze v. Howze, 19 Tex. 553, 554; Lenz v. Sens, 27 Tex.Civ.App. 442, 66 S.W. 110; Hagood v. Hagood, Tex.Civ. App., 186 S.W. 220.

In our opinion, the will is not ambiguous. The nature of the testimony excluded by the court was not in explanation of any doubtful terms or features of the will. It concerned what the witnesses conceived to be the intentions of the testator that are not revealed by the written will. In Lenz v. Sens, supra, 66 S.W. 110, 111, it was said: "Parol evidence of the circumstances attending the testator and the objects of his bounty, and of the condition and character of the estate, is admissible to throw light upon the will, so as to get at the intention of the testator ambiguously expressed, but not to vary the terms themselves of the will. The intention cannot be shown by parol evidence."

■ Since the will contains no ambiguous provisions and the proffered testimony did not refer to, nor tend to explain, any of the terms or expressions contained in the will, but were designed to inject into it provisions not expressed in it, no error was committed by the court in excluding it and appellants' assignments of error as to its exclusion will be overruled.

■ By the sixteenth assignment of error, appellants complain of the judgment of the court allowing appellees to recover of them the sum of $666.35, contending that, since the rentals collected by them from the land during the preceding two years were not received by them as their personal or individual property, but only in their capacities as executors of the will of Ira W. Neeley, deceased, they were not properly chargeable against appellants as individuals. Appellants admitted that, subsequent to November 12, 1944, two years before the suit was instituted, they had collected as rentals from the lands involved the sum of $1279.51 and that, during the same period, they had expended for taxes and improvements thereon $613.-16. This leaves a balance of $666.35 over and above the expenditures for taxes and improvements and the fact that appellants had received the rentals in their official capacities would not relieve them of personal liability for them if they were wrongfully collected and received. At the time the rentals were collected, appellants no doubt believed the estate was entitled to them and that the lands from which they were collected were included in the will of which they were the executors. The fact that they were mistaken in this belief, however honest they may have been, would not change their liability for the net amount collected and held by them.

■ Appellants urge assignments of error to the actions of the court in refusing additional findings requested by them; in denying their pleas of limitation under the three and five year statutes; in denying their pleas of estoppel and laches; and in denying them a set-off of $3144.60. What we have already said either disposes of all of these assignments or shows that, under the view we have taken of the case, they are without merit, except those referring to the set-off and the refusal of additional findings. Appellants contend they were entitled to a set-off of $3144.60 paid by them in discharging the indebtedness on the tracts of land in suit and that they should, therefore, have been permitted to off-set it against the money judgment recovered by appellees and granted judgment against them for the balance. The indebtedness referred to was paid out of the proceeds of Ira W. Neeley's life insurance policies and the money he had on deposit in the bank at the time of his death. It was specifically provided in the will that the insurance money and the money in the bank should be used to pay the outstanding unsecured personal indebtedness, expenses of the last sickness and funeral expenses of the testator, and the balance should be applied on indebtedness against his land. The record shows that this balance was

fully equal to the amount paid out by them on the lands. Appellants therefore were merely carrying out the provisions of the will when they paid the indebtedness out of the insurance money and the cash on hand and were not entitled to recover any portion of it. The court allowed them an off-set of $613.16 from the amount collected by them as rentals and, in our opinion, they were not entitled to more.

The supplemental findings and conclusions requested by appellants were either shown by the pleadings or by the undisputed evidence. They were, therefore, not germane to any issue in the case and no error was committed in refusing them.

We have carefully considered all of the assignments of error and contentions urged by appellants, and, in our opinion, none of them reveals reversible error. The judgment of the court below will, therefore, be affirmed.