**KUEHN et al. v. BREMER.**

No. 2124.

Court of Civil Appeals of Texas. Waco.
Sept. 28, 1939.

Rehearing Denied Oct. 26, 1939.

Sleeper, Boynton & Kendall, of Waco, for appellants.

Cecil R. Glass, of Marlin, for appellee.

GEORGE, Justice.

Appellants, the surviving half brothers and half sisters of August Spitzer, and the surviving children of Gustav Guderian, deceased half brother of August Spitzer, instituted this suit against William A. Bremer, individually and as independent executor of the will of August Spitzer, deceased, to recover the personal estate possessed by August Spitzer at the time of

his death, on the theory that he departed this life leaving his personal estate undisposed of by will. The will and codicil thereto are as follows:

"That I, August Spitzer of said state and county, being in good bodily health and of sound and disposing mind and memory, desiring to direct how the estate of which I shall die seized and possessed shall be disposed of after my death while I have the strength and capacity to do so, do make, declare and publish this as my true last will and testament, hereby now revoking any and all last wills and testaments heretofore at any time made by me.

"1. I desire and direct that all my just debts and the expenses of my last illness and funeral shall be paid out of my estate as soon after my death as my executrix or executor hereinafter named shall find it advisable.

"2. I give, devise and bequeath unto my beloved wife, Auguste Spitzer, all the personal estate of which I shall die seized and possessed in fee simple and in addition thereto an estate for and during her natural life in and to all the real estate of which I shall die seized and possessed with the remainder over to my nephew William A. Bremer as hereinafter specified.

"3. I give and bequeath unto the trustees of the German Baptist Church at Cottonwood in the northern part of Falls County, Texas for the use and benefit of said church the sum of five hundred dollars in cash—which sum shall be paid to them within twelve months after my death if I depart this life after my said wife does or within twelve months after her death if she dies after I do.

"4. I give and bequeath the sum of one hundred dollars to each of my half brothers Adolph Guderian, Gustav Guderian, and Julius Guderian and also to my half sisters, Emilie Fechner, nee Guderian, Ottilie Kuehn, nee Guderian and Bertha Purzinski, nee Guderian, and the sum of one hundred and fifty dollars to my niece Firda Loesch, nee Mueller. I direct that said sums of money shall be paid to them on or before twelve months after my death if I depart this life after my said wife does, or within twelve months after her death if she dies after I do.

"5. All the remainder of my estate,—including all my real estate subject to said life estate to my said wife—I give, devise and bequeath to my nephew William A. Bremer in fee simple, I desire and direct however that it shall be charged with a lien securing the payment by him of the bequests in money hereinbefore made and specified by me.

"6. I nominate and appoint my said wife, Auguste Spitzer, the sole and independent executrix of this will, if I die before she does and if she dies before I do, then I nominate and appoint the said William A. Bremer such independent executor. I desire and direct that neither of them shall be required to make bond as such and I further desire and direct that no other or further action shall be had in the probate court with reference to the settlement of my estate than the probating and recording of this will and the filing of an inventory and list of claims of my estate.

"In testimony whereof I hereunto set my hand in the presence of William B. Marstaller and Edwin W. Gummelt, who have signed their names hereto as subscribing witnesses at my request and in my presence on this the 9th day of September, 1930.

"(Signed)  August Spitzer

\* \* \*

"Waco, Texas, February 4, 1936.

"I here now desire and direct that the bequest to my sister Emilie Fechner for the sum of one hundred dollars shall not be paid to her as directed in my will,—she owes me more than that sum.

"(Signed)  August Spitzer."

The material facts are that August Spitzer and Auguste Spitzer were husband and wife; that Auguste Spitzer died on or about the 3rd day of January, 1936, and August Spitzer died on or about the 30th day of October 1936; that August Spitzer at the time of his death left surviving him no widow, no children and no descendants of deceased children, no father and no mother, and appellants are his next of kin; that the will and codicil thereto has been duly probated by the county court of Falls county, Texas, the county in which August Spitzer resided at the time of his death; that William A. Bremer is the duly qualified and acting executor of the estate of August Spitzer, deceased; that William A. Bremer was a nephew of Auguste Spitzer and a nephew by marriage of August Spitzer; that William A. Bremer had lived as a neighbor to his uncle, August Spitzer, since 1908, and upon the death of Auguste Spitzer moved into the house with August Spitzer.

The trial court construed the will and held that the devise of the personal property to Auguste Spitzer in section 2 of the will lapsed by reason of her prior death and fell into section 5 as a residuary clause and passed to William A. Bremer under the will.

The rule is recognized and is supported by the weight of authorities that in the absence of a statute upon the question, under a will containing a general residuary clause, a bequest of property, which, valid when made, fails for any reason, such as the death of the legatee prior to the death of the testator, becomes a lapsed legacy and falls into the residuary clause and passes to the residuary legatee, unless a different intention is expressed in the will. Bittner v. Bittner, Tex.Com. App., 45 S.W.2d 148, par. 2; 9 Texas Law Review, pp. 265 to 272. Yet the rule announced in Moss v. Helsley, 60 Tex. 426, and Bittner v. Bittner, Tex.Com.App., 45 S.W.2d 148, pars. 3 to 5, inclusive, is that the intention of the testator, when ascertained from the entire will, will control. It is also a well recognized rule that unless a contrary intention is plainly expressed or necessarily implied, it will be presumed from the mere fact of making the will, that the testator intended to dispose of his entire estate, and that he did not intend to die intestate as to the whole or any part of his property. Paul v. Ball, 31 Tex. 10; Kostroun v. Plsek, Tex.Com. App., 15 S.W.2d 220; Sanger v. Butler, 45 Tex.Civ.App. 527, 101 S.W. 459, error refused; Verhalen v. Klein, Tex.Civ. App., 268 S.W. 975; Hagood v. Hagood, Tex.Civ.App., 186 S.W. 220, error refused; United States Fidelity & Guaranty Co. v. Mueller, Tex.Civ.App., 13 S.W.2d 430; Lindsey v. Rose, Tex.Civ.App., 175 S.W. 829, error refused; Meiners v. Meiners, 179 Mo. 614, 78 S.W. 795. The rule is likewise recognized that if the will is open to two possible constructions, one which would result in a disposal of the testator's entire estate and another which would leave him wholly or partially intestate, the former will be adopted. Ferguson v. Ferguson, 121 Tex. 119, 45 S.W.2d 1096, 79 A.L.R. 1163; Ellet v. McCord, Tex.Civ. App., 41 S.W.2d 110, error refused.

The rule announced in Dulin v. Moore, 96 Tex. 135, 70 S.W. 742, is that a will should be so construed as to give effect to every part of it, if the language is reasonably susceptible of that construction, and in Darragh v. Barmore, Tex. Com.App., 242 S.W. 714, it is stated that a clause of a will should be so construed as to make it consistent in itself and consistent with the will as a whole and so as to effectuate the object and the purpose of the testator in making the will.

The intention of the testator, as shown by the language used in the will, must govern. That intention must be ascertained by considering the entire instrument, and the language of a single clause of it will not govern what is the evident intention in the use of that language, when read in connection with the other provisions. And if the meaning of the words used, read in connection with other parts of the instrument, be doubtful, the surrounding circumstances may be considered to throw light upon the matter and enable the court to arrive at what the testator intended by the use of the language under consideration. That is to say, such circumstances may not be considered for the purpose of explaining, varying or contradicting the terms of the will, but in order that the court may understand the meaning attached to the words employed by him in the construction of the will and interpret the language in the sense in which it was used by him. Cleveland v. Cleveland, 89 Tex. 445, 35 S.W. 145; Hunt v. White, 24 Tex. 643; McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412; Lake v. Copeland, 82 Tex. 464, 17 S.W. 786.

With the above rules in mind, we approach a determination of the question of whether it was the intention of August Spitzer that his personal property should become a part of the residuary of his estate in event his wife predeceased him and pass to William A. Bremer under the provisions of section 5.

All the words employed in the construction of the will were used for the one purpose of expressing August Spitzer's plans for the distribution of his estate on his death, and they should be interpreted in the sense in which they were used, in order that the scheme that he had in mind for the distribution of his estate may be enforced, it being lawful and consistent with public policy. Calvery v. Calvery, 122 Tex. 204, 55 S.W.2d 527; Adams v. Maris, Tex.Com.App., 213 S.W. 622; Haupt v. Michaelis, Tex.Com.App., 231 S.W. 706; Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149; Johnson v. Goldstein, Tex.Com.App., 215 S.W. 840.

The language of the preamble "desiring to direct how the estate of which I shall die seized and possessed shall be disposed of after my death"; the direction that all his just debts and expenses of his last illness and funeral should be paid out of his estate as soon after his death as his executrix or executor should find it advisable, in section 1; the specific bequest to his church, in section 3; and to his next of kin, in section 4; the clause "all the remainder of my estate—including all my real estate subject to said life estate to my said wife—I give, devise and bequeath to my nephew William A. Bremer in fee simple," in section 5; the clause "and I further desire and direct that no other or further action shall be had in the probate court with reference to the settlement of my estate than the probating and recording of this will and the filing of an inventory and list of claims of my estate," in section 6; and the revocation of the bequest to his half sister, Emilie Fechner, by codicil—all evidence an intention to dispose of all property of which he might die seized and possessed and negative the intention to die intestate as to any of such property. Those affirmative indications of his intention strengthen the usual presumption against intended intestacy, in part, which obtains from the mere fact of making a will.

All the remainder of his estate is devised and bequeathed to William A. Bremer, charged with a lien to secure the payment of the bequests made in sections 3 and 4, except the revoked bequest to Emilie Fechner. William A. Bremer is appointed independent executor of the will in the event Auguste Spitzer dies before August Spitzer, and is directed to pay all of August Spitzer's just debts and the expenses of his last illness and funeral out of his estate when he shall find it advisable, and no further action is to be had in the probate court with reference to the settlement of his estate than the probating and recording of his will, etc. Those provisions are consistent with the contention that the entire estate of August Spitzer passed under the will and inconsistent with the contention that he died intestate as to his personal estate.

An inspection of the will further discloses the fact that August Spitzer, in making his will, knew and recognized the difference in the meaning of the terms "personal estate," "real estate," and "my estate," and that he knew that the word "remainder" was used in two senses, depending on the context, and that he used the word "remainder" in its technical and restrictive sense in section 2 in keeping with the context of that section, and in its common and broader sense in section 5 in consonance with the context thereof, and that he used the word "including" in its correct and usual sense of meaning "forming a component part or item of the whole."

It is also manifest that August Spitzer used the word "remainder" in sections 2 and 5 of his will advisedly and in different senses, but in keeping with the context of each section. The context of section 2 calls for the use of the word "remainder" in its technical and restrictive sense, whereas the context of section 5 demands its use in the common and broader sense of residue—that which is left after the payment of debts, funeral expenses, costs of last illness and payment of bequests. The use of the words "all," "my estate," and "including all my real estate" are significant, and it is to be noted that he did not say "the remainder of my real estate," but said "all the remainder of my estate."

The language employed evinces a general intent on the part of August Spitzer to dispose of all of his estate, real and personal, by his will after his death, as we have heretofore seen. It likewise indicates that he, in making the will, contemplated the likelihood of his wife predeceasing him, and that he, with that contingency in mind, inserted section 5 to carry out his scheme for the distribution of his entire estate. The language employed further indicates that he, while contemplating the probability of his wife predeceasing him, made such bequests to his next of kin as he desired them to have out of his estate. Therefore, we are of the opinion that August Spitzer used the words "remainder" and "including" in section 5 of his will advisedly and in their common and broader sense and for the purpose of manifesting his intent to rest in William A. Bremer on his death, in the event his wife departed this life before him, all of his estate, both real and personal, remaining after the payment of his debts, expenses incident to last sickness, burial and bequests to church and designated next of kin, as set out in sections 3 and 4.

The judgment of the trial court is affirmed.