SEWELL et al. v. SEWELL et al.

No. 6728.

Court of Civil Appeals of Texas.

Texarkana.

March 18, 1954.

Rehearing Denied April 8, 1954

Morris Rolston, Ward & Benson, Mt. Pleasant, for appellants.

Boyet Stevens, Daingerfield, Florence & Florence, Gilmer, for appellees.

HALL, Chief Justice.

Although this suit was instituted by appellees as one in trespass to try title to a certain tract of land located in Morris County, it resolved itself into an action contesting the will of G. W. Sewell, deceased. Omitting the formal portions of the will not material here, it reads as follows:

"Second: To M. L. Sewell, my wife, I give and bequeath all the property of every kind that I may possess at the time of my death, to my wife, M. L. Sewell. Third: I will and want my children and their heirs to have as follows; to-wit: Mamie Littlefield, $50.00 Fifty Dollars for herself and her heirs Jim Sewell, $50.00 Fifty Dollars for his self and his heirs Bulah Goolsby, $50.00 Fifty Dollars for herself and her heirs Mannie Brantley. $50.00 Fifty Dollars for herself and her heirs Mat Gay $25.00 Twenty Five Dollars for herself and her heirs Estellar Sewell and Cassie Sewell, I want them to have rest of all the property of any and every kind whatever it may be, I will and bequeath to them the said Estellar Sewell and Cassie Sewell and their heirs if they have any; Fourth: I hereby nominate and appoint Estellar Sewell, and Cassie Sewell the sole executors or either of them at the death of either of them, of this my last will and testament and do hereby direct that no bond be required of them or either of them as the case may be, and that no shall be had in the probate court under this will, other than the filing of an inventory and appraisement and a list of claims as required by law for this is my last will and testament and I want all parties interested in this matter to abide by this." The facts show that M. L. Sewell, the wife of G. W. Sewell, the beneficiary listed in paragraph

2 of the will, died before G. W. Sewell and the bequest lapsed.

In construing the above will the trial court concluded that the last part of the third paragraph reading: "Estellar Sewell and Cassie Sewell, I want them to have the rest of all the property of any and every kind whatever it may be, I will and bequeath to them the said Estellar Sewell and Cassie Sewell and their heirs if they have any" to be a general residuary clause, and therefore the lapsed devise to the wife was held by the trial court to fall into said general residuary clause.

■ The above holding forms the basis for the only point brought forward by appellants. Many rules for the construction of wills are listed in the decisions of the courts. In our opinion the first and controlling rule is that the intention of the testator as shown by the terms of the will must be followed in construing same, and secondly, *unless a contrary intention is clearly expressed or necessarily implied,* it will be presumed, from the mere fact of making will, that testator intended to dispose of his entire estate, and did not intend to die intestate as to whole or any part of his property. Kuehn v. Bremer, Tex. Civ.App., 132 S.W.2d 295, 298 writ ref. It seems clear to us, first, that G. W. Sewell intended to dispose of all of his property by his will. In fact he did that very thing. Mrs. Sewell, wife of G. W. Sewell, having predeceased her husband, the bequest to her lapsed and there was only one place for it to fall and that was in the residuary clause. Such a construction would result in the disposition by the will of all of the property of G. W. Sewell and none of it to be disposed of by the law of descent and distribution. (Italics ours).

In discussing a situation very similar to the one here involved the Waco Court of Civil Appeals in Kuehn v. Bremer, supra, has this to say: "The language employed evinces a general intent on the part of August Spitzer to dispose of all of his estate, real and personal, by his will after death, as we have heretofore seen. It likewise indicates that he, in making the will, contemplated the likelihood of his wife predeceasing him, and that he, with that contingency in mind, inserted section 5 to carry out his scheme for the distribution of his entire estate. The language employed further indicates that he, while contemplating the probability of his wife predeceasing him, made such bequests to his next of kin as he desired them to have out of his estate. Therefore, we are of the opinion that August Spitzer used the words 'remainder' and 'including' in section 5 of his will advisedly and in their common and broader sense and for the purpose of manifesting his intent to rest in William A. Bremer on his death, in the event his wife departed this life before him, all of his estate, both real and personal, remaining after payment of his debts, expenses incident to last sickness, burial and bequests to church and designated next of kin, as set out in sections 3 and 4." Appellants rely very strongly on the case of Bittner v. Bittner, Tex.Com.App., 45 S. W.2d 148, 152, to support their contention of error by the trial court in its construction of the will here under consideration. That case sets out many of the rules enumerated in Kuehn v. Bremer, supra, and cites numerous other authorities substantiating them, and concludes with the following assertion: "The trial court, after hearing the testimony, held that the testatrix did not intend that the property bequeathed to Ida Bittner should become a part of the residuum of her estate and pass to the persons described in paragraph 10 of the will; but that it became a lapsed devise because of the death of Ida Bittner prior to the death of testatrix and therefore became a part of her estate as property undisposed of by her will, and as to which she died intestate * * *." The same authority states further: "The rule is recognized and is supported by the weight of authorities that in the absence of a statute upon this question under a will containing a general residuary clause, a bequest of property, which, valid when

made, fails for any reason, such as the death of the legatee or devisee prior to the death of the testator and thereby becomes a lapsed legacy or devise, falls into the residuary clause and passes to the residuary legatees or devisees, *unless a different intention is expressed in the will.*" (Italics ours.) There is no such "different intention" expressed or implied in the will here involved. In Alexander on Wills, Vol. 2, sec. 669, p. 997, it is said: "A residuary devise or bequest requires no particular form of words, any expression is sufficient if from it the testator's intention may be gathered that a designated person shall take the surplus of his estate. Such words as 'rest,' 'residue,' 'remainder,' are not indispensable. It is a well settled rule that a testator who makes a will intends thereby to dispose of his entire estate, and even partial intestacy is not favored." In the same Work, at page 1126, sec. 777, it is said: "Accordingly, the modern rule may be stated to be that where there is a residuary clause, unqualified and absolutely general in its terms, not only lapsed bequests of personalty, but lapsed devises of realty also, will sink into the residue, and neither the next of kin nor the heir at law will take any interest therein, unless there be expressions in the will manifesting a contrary intention."

◼ Since it clearly appears that the testator, G. W. Sewell, intended to dispose of all of his property by his will and not to die intestate as to any portion thereof, we think the trial court was correct in concluding that the lapsed devise fell into the general residuary clause. We have examined the decisions cited by appellant but we do not think they are controlling here.

It is our opinion that this case is ruled by Kuehn v. Bremer, Tex.Civ.App., 132 S.W.2d 295, w/r.

The judgment of the trial court is affirmed.