Letha WILLIS et al., Appellants,

v.

Grace SNODGRASS et al., Appellees.

No. 6956.

Court of Civil Appeals of Texas.

Texarkana.

May 9, 1957.

Rehearing Denied June 6, 1957.

R. T. Wilkinson, Mt. Vernon, for appellants.

Fitzpatrick & Fitzpatrick, Waco, Russell & Perkins, Mt. Pleasant, for appellees.

FANNING, Justice.

Grace Snodgrass and Guy Snodgrass, as plaintiffs, brought suit for declaratory judgment construing the will of Mary B. Edwards, deceased, and for other relief. The pertinent portions of the will are as follows:

"3.

"I give and bequeath to my beloved niece, Grace Snodgrass, the surface only to the West ⅓ of the land which I own and possess out of the J. R. Slaughter and William Gann Survey, in Titus County, Texas, including the residence and such other improvements as may be located on this West ⅓.

"4.

"I give and bequeath to my beloved nephew, Guy Snodgrass, Sr., the surface only to the middle ⅓ of the above mentioned land.

"5.

"I give and bequeath to W. A. Greathouse the surface only to the East ⅓ of the above mentioned land.

"6.

"I give and bequeath to my beloved nephew, W. T. Greathouse, the sum of $100.00.

## "7.

"The above mentioned tracts of land are given and bequeathed to the persons above indicated to each in fee simple to manage, sell and dispose of as they may wish or see proper.

## "8.

"I give and bequeath all right, title and interest in and to all minerals of which I may die seized and possessed under the above described land, together with the residue of my estate, real or personal, wheresoever situated and of which I may die seized and possessed, to the said Grace Snodgrass, Guy Snodgrass, Sr., and W. A. Greathouse, share and share alike."

Plaintiffs in their original petition also pleaded:

"* * * As Independent Executor of said estate, the said Felix Jones has sold all of the personal properties of said estate and has disbursed and distributed all of the cash and all of the oil royalties or oil runs received by him; and in the distribution of such funds, Plaintiffs say that said Executor paid to the Defendant Letha Willis the sum of $447.36, and to Bernice G. Parker, the sum of $447.36, and to Merle Riddle, the sum of $447.36, and to Miriam Wilkinson the sum of $447.-36, and as hereinafter fully alleged, Plaintiffs say that said parties were not legally entitled to receive such funds and Plaintiffs request that the Court issue its order requiring said Defendants to pay into the registry of this Court such sums of money previously paid to them by the said Felix Jones, Executor of said estate, * * *".

Testatrix, Mary B. Edwards, executed said will on October 17, 1945, and died in Titus County, Texas, on December 10, 1954. Said will was admitted to probate by the County Court of Titus County, Texas; Felix Jones qualified as Independent Exec-utor, administered and closed the estate, and delivered the property of the estate to the parties whom he was of the opinion should receive same, all prior to the bringing of the suit by appellees, Grace Snodgrass and Guy Snodgrass. W. A. Greathouse, a half-brother of the testatrix and one of the devisees in her will, died on November 22, 1951, about three years prior to the death of testatrix. At the time of her death, testatrix left surviving her no husband, no children and no descendants of deceased children, and no father and no mother, and her sole surviving heirs were the plaintiffs and defendants, who were all collateral relatives of the deceased testatrix. The defendants-appellants, Letha Willis, Bernice G. Parker, Merle Riddle and Miriam Wilkinson, were the children and sole heirs of W. A. Greathouse, deceased, a half-brother of testatrix. There were numerous other defendants (who are now numbered among the appellees with plaintiffs-appellees) who constituted the remainder of the heirs of testatrix, who were decreed certain interests in the estate of testatrix by reason of the lapsed bequests to W. A. Greathouse.

Appellants in their statement of the case in their brief (among other things) state:

"The contention of the defendants, Letha Willis, Bernice G. Parker, Merle Riddle and Miriam Wilkinson, was that from a reading of the entire will, and especially in connection with the words 'fee simple' in paragraph 7, it was the intention of the testatrix that the heirs of W. A. Greathouse be substituted and that they succeed to his interest the same as if he had lived."

The case was tried to a jury. Motion was made by plaintiffs that there were no fact issues to be decided by the jury and the trial court withdrew the case from the jury. The trial court entered judgment holding as a matter of law that the bequests to W. A. Greathouse lapsed and that the children of W. A. Greathouse were not entitled to such bequests as contended for by

them. The trial court in its judgment construed the will, adjudicated the property rights of the parties according to its construction of the will, and in such judgment set out the respective interests of the plaintiffs and all of the defendants in and to the estate of the testatrix. The trial court in its judgment also decreed that the defendants-appellants Letha Willis, Bernice G. Parker, Merle Riddle and Miriam Wilkinson be required to pay into the registry of the court the sum of $447.36 each, being the amount paid to each of them by the executor, giving plaintiffs-appellees and the other defendants-appellees a judgment therefor, less the pro rata part thereof set apart to defendants-appellants in the judgment, and giving a lien to plaintiffs-appellees and the other defendants-appellees therefor on the interests set apart to defendants-appellants Willis, Parker, Riddle and Wilkinson. The defendants Letha Willis and husband, John Willis, Bernice G. Parker and husband, Grady Parker, Merle Riddle and husband, Lewis Riddle, and Miriam Wilkinson and husband, J. F. Wilkinson, have appealed.

■ Although the case was tried to a jury and was withdrawn from the jury, the trial court, upon request of defendants-appellants herein, filed findings of fact and conclusions of law. Appellees Grace and Guy Snodgrass by motion contend that under these circumstances the filing of findings of fact and conclusions of law by the trial court was not authorized by law or by Rule 296, Texas Rules of Civil Procedure, the applicable rule. We think this motion is well taken. Rule 296 T.R.C.P.; Cox v. Rhodes, Tex.Civ.App., 233 S.W.2d 924; Farr v. Kirby Lbr. Corp., Tex.Civ.App., 203 S.W.2d 815; Cedziwoda v. Crane-Longley Funeral Chapel, Tex.Civ.App., 273 S.W. 2d 455, affirmed by Texas Supreme Court, 283 S.W.2d 217.

In Cox v. Rhodes, supra [233 S.W.2d 926], it is stated:

"Rule 296, Rules Civil Procedure, requires the court upon a *trial by the court* at the request of either party to state in writing conclusions of fact found by him separately from the conclusions of law. Where trial is to a jury and the court peremptorily withdraws the case from the jury, we know of no authority by which the court is authorized to file findings and conclusions. If there was any evidence tending to support any material issue presented by the pleadings then it was the duty of the court to submit such issue to the jury. Upon withdrawal of the case from the jury, only the evidence supporting issues favorable to the losing party, viewed in its most favorable light, will be considered on appeal. This proposition is elementary and requires no citation of authority. If an appellate court should give any weight to the trial court's findings under such circumstances it would in effect deny the right of trial by jury. We will, therefore, consider the case in the light of the record, including the Statement of Facts, as though no findings had been filed."

Therefore on this appeal we will consider this case in the light of the record, including the statement of facts, as though no findings of fact or conclusions of law had been filed by the trial court.

Appellants by their Points 1 to 7, inclusive, contend to the effect that the trial court erred: (1, 2, 3) In refusing to give to the jury appellants' special issues Nos. 1, 2 and 3; (4) in concluding that there was no issue of fact to be submitted to the jury as to the intention of the testatrix, with reference to the interest of W. A. Greathouse, in the event he died before she did; (5) "in refusing to let the jury pass on the question as to the intention of the testatrix, with reference to the bequest to W. A. Greathouse, because the evidence raised an issue of fact, for the reason that there is a presumption of law that where a person makes a will, and especially where there is a residuary clause, that he intended to dispose of all his property by the will and

did not intend to die intestate as to any part of it"; (6) in refusing to submit the fact issues to the jury because "where a person makes a will and disposes of all his property to persons named, including the residuary clause, there is a presumption that he did not intend that any person outside the parties named should participate in the division of his property"; and (7) "in refusing to submit to the jury the issues requested, inquiring as to the intent of the testatrix in the use of the words 'Fee Simple Title' in the will because by a reading of the whole will there is left a question of fact as to what she intended to mean by the use of the term as to the bequest of W. A. Greathouse."

■ Appellants contend in their brief that the trial court should have submitted special issues to the jury inquiring to the effect (1) whether testatrix at the time of making her will anticipated the death of W. A. Greathouse before she died; (2) by the use of the words "In Fee Simple" in her will, whether it was her intention that the interest bequeathed to W. A. Greathouse should pass to his heirs in the event he died before she did; and (3) from the evidence in the case what would have been her intention had she not anticipated the death of W. A. Greathouse before she died as to the 1/3 of her estate bequeathed to him in her will. In this connection appellants contend to the effect that by the use of the words "In Fee Simple" testatrix must have anticipated the contingency of W. A. Greathouse dying before testatrix and that (stating in their brief) testatrix "was trying to bequeath a title of inheritance, succession and substitution. This is a question of fact as to what she meant." Appellants also in this connection cite authorities which hold to the effect that "unless a contrary intention in clearly expressed or necessarily implied, it will be presumed, from the mere fact of making will, that testator intended to dispose of his entire estate, and did not intend to die intestate as to whole or any part of his property". Sewell v. Sewell, Tex.Civ.App., 266 S.W.2d 924, 925, wr. ref.,

which cites Kuehn v. Bremer, Tex.Civ.App., 132 S.W.2d 295.

In 44 Tex.Jur., pp. 686, 687, it is stated:

"* * * Primarily the testator's intention is gathered from the terms of the will itself, that is, from the import of the words and meaning of the terms used, and from these alone. If there is no ambiguity in the writing, the intention must be drawn from its language unaffected by assumptions or inferences based upon extraneous circumstances."

In Kuehn v. Bremer, Tex.Civ.App., 132 S.W.2d 295, 297, it is stated:

"It is also a well recognized rule that unless a contrary intention is plainly expressed or necessarily implied, it will be presumed from the mere fact of making the will, that the testator intended to dispose of his entire estate, and that he did not intend to die intestate as to the whole or any part of his property. * * *

"The intention of the testator, as shown by the language used in the will, must govern. That intention must be ascertained by considering the entire instrument, and the language of a single clause of it will not govern what is the evident intention in the use of that language, when read in connection with the other provisions. And if the meaning of the words used, read in connection with other parts of the instrument, be doubtful, the surrounding circumstances may be considered to throw light upon the matter and enable the court to arrive at what the testator intended by the use of the language under consideration."

■ Section 68, Probate Code, V.A.C.S., formerly Article 8295, Vernon's Ann.Civ.St., prevents the lapse of a bequest in a will when the bequest was to a child or other descendant of a testator

or testatrix and where such child or descendant leaves surviving a child or descendant, but it has been uniformly held by the courts of this state that said Article 8295 did not prevent the lapse of a bequest or a devise to a collateral relative of a testator. W. A. Greathouse, a half-brother of Mary B. Edwards, deceased, was a collateral relative and upon his death, prior to the death of the testatrix, the bequests to him lapsed unless the testatrix prevented it by some provision in her will. Logan v. Thomason, 146 Tex. 37, 202 S.W. 2d 212; Bomar v. Carstairs, 124 Tex. 492, 79 S.W.2d 841. In Logan v. Thomason, supra, it is stated [146 Tex. 37, 202 S.W. 2d 215]:

"When a devisee or legatee, other than a lineal descendant, dies during the lifetime of the testator, the gift to him fails or lapses unless the testator prevents it by a provision in his will for the substitution of some other recipient. That is, if the will does not provide for substitution the devise or bequest fails where the deceased devisee or legatee is not a descendant of the testator, or where, being a descendant, he himself was not survived by children or descendants who survive the testator. Bomar v. Carstairs, 124 Tex. 492, 79 S.W.2d 841."

It is well-settled law that a will speaks from the date of the death of the testator or testatrix and not as of the date of its execution, conveys no present right, and vests nothing during the life of the testator or testatrix. Jones v. Eastham, Tex.Civ.App., 36 S.W.2d 538, wr. ref.; Hagood v. Hagood, Tex.Civ.App., 186 S.W. 220, wr. ref.; Hamilton v. Flinn, 21 Tex. 713.

We have not found any case in Texas on the question as to whether the use of the words "in fee simple" in a will would evidence an intention (or raise a fact issue of an intention) on the part of the testator or testatrix that the heirs of a deceased legatee or devisee (where such deceased legatee or devisee was a collateral relative of the testator) would take the interest bequeathed to such a legatee or devisee. However, in Galloway v. Darby, 105 Ark. 558, 151 S.W. 1014, 44 L.R.A., N.S., 782, where the will in that case contained a provision that all property devised by the will should vest in the devisees, their heirs and assigns in fee simple (where the devise in question was to a collateral relative of the testator) the Arkansas Supreme Court held that since a will speaks only from the date of the death of the testator or testatrix, the use of the words "heirs and assigns in fee simple" were not words of succession or substitution and would not prevent such devise from lapsing. We hold that the words "in fee simple" as used in the will here in question are not words of succession or substitution and will not prevent the lapse of the bequest to W. A. Greathouse.

We think the will of Mary B. Edwards was clear and unambiguous and must be construed from its own terms unaided by parol or extrinsic evidence.

It is our view that the bequest to W. A. Greathouse, a collateral relative of the testatrix, lapsed by reason of his death prior to the death of the testatrix, in view of the fact that there was no provision in the will for substitution or succession of some other recipient or recipients. It is our further view that there were no fact issues with reference to this matter raised for a jury to pass upon and that the trial court correctly withdrew the case from the jury. Appellants' Points 1 to 7, inclusive, are respectfully overruled.

Appellants' Point 8 reads as follows: "The error of the court in holding as a matter of law that, the agreement made with and among the plaintiffs and the defendants, the heirs of W. A. Greathouse, was not binding on any party thereto; although such agreement was pleaded, and not denied by any pleading in avoidance thereof."

As hereinbefore stated, plaintiffs in their original petition pleaded that the executor had paid funds of the estate to defendants-appellants to which they were not legally entitled and sought judgment requiring defendants-appellants to pay said sums into the registry of the court. Defendants-appellants in paragraph 3 of their first amended original answer pleaded that plaintiffs and defendants-appellants executed division orders with respect to the land of the estate with American Liberty Oil Company setting out the interests of Grace Snodgrass and Guy Snodgrass at ⅓ each, and of defendants, Letha Willis, Bernice Parker, Merle Riddle and Miriam Wilkinson at ¹⁄₁₂ each. Defendants-appellants in paragraphs 7, 8 and 9 of their first amended original answer pleaded as follows:

"7.

"Defendants would further show that the oil run from said land was distributed and paid to the respective parties who executed the division orders according to its apportionment which each received with the consent of the Independent Executor of the estate, to-wit: Felix Jones. There was also some personal property sold and the cash received therefrom distributed in the same proportion.

"8.

"The said Defendants would further show that the portion allotted to the respective parties was in accordance with the terms of the will with respect to the interests intended thereby to be given. And Plaintiffs received the same knowingly and accepted the same as their full and complete share as their interests in the oil run and property which was alleged to have been sold, that is, the personal property, and the proceeds distributed.

"9.

"Defendants would respectfully represent and show by the act of the said parties in so dividing the oil run and proceeds of sale of personal property and receiving the same in accordance with the division orders was the interpretation of said will by said legatees and they are now estopped from asserting any claim against any portion set aside to these Defendants."

Plaintiffs replied to said defendants' first amended answer with their first supplemental petition, which reads in part as follows:

"1.

"Plaintiffs especially except to all of Paragraphs 3, 7, 8, 9 and 10 of such Answer because the execution of the various Division Orders by Plaintiffs and Defendants Letha Willis, Bernice G. Parker, Merle Riddle and Miriam Wilkinson were simply statements to American Liberty Pipe Line Company, the purchaser of the crude oil, and there was nothing contractual between the parties who executed said Division Orders, one to the other, as to their interest and if any estoppel arose by virtue of the execution of such Division Orders, it would be solely for the benefit and protection of American Liberty Pipe Line Company, the purchaser of the crude oil, and no facts are alleged sufficient in law to constitute any estoppel as against Plaintiffs' claim in this law suit, of which special exception Plaintiffs pray judgment of this Court.

\* \* \* \* \* \*

"4.

"For further Answer and reply herein to Defendants' Answer, if any be necessary, Plaintiffs deny all and singular the allegations contained in such Answer, except that Plaintiffs admit all of the allegations in Paragraphs 2, 4, 5 and 6 and demand strict proof thereof.

"Premises Considered, Plaintiffs pray as in their Original Petition

* * * together with judgment in the sum of $447.36 as against Defendants Letha Willis and husband, John Willis; in the sum of $447.36 as against the Defendants Bernice G. Parker and husband, Grady Parker; in the sum of $447.36 as against the Defendants Merle Riddle and husband, Lewis Riddle; and in the sum of $447.36 as against the Defendants Miriam Wilkinson and husband, J. F. Wilkinson, * * * "

■ As hereinbefore held, under the circumstances hereinbefore set out, the findings of fact and conclusions of law of the trial judge cannot be considered or given weight, and we must consider the case in the light of the record, including the statement of facts, as though no findings or conclusions had been filed. We have carefully examined the statement of facts, and the entire record in this case (excluding the findings and conclusions of the trial court), and it is our best judgment that under the record in this case no binding contract or agreement was ever entered into between appellants and appellees as to what said parties should take under the will of Mary B. Edwards, deceased.

■ Estoppel cannot be successfully urged against appellees in favor of appellants as we find no evidence in the record that appellees made any representation or did anything which caused appellants to change their position for the worse. In 17 Tex.Jur., p. 145, it is stated:

"One material element of an estoppel is that the party claiming it must have been misled by representations or conduct of the opposite party to change his position for the worse. A party is estopped whenever he has gained an undue advantage and has caused his adversary a loss or injury. The plaintiff must establish that he will be damaged, injured or prejudiced if the defendant is not held to be estopped."

■ Division orders on oil lands of the estate were executed by appellants and appellees Grace Snodgrass and Guy Snodgrass in favor of oil companies, setting out the interests of Grace and Guy Snodgrass as ⅓ each, and the interests of appellants, Willis, Parker, Riddle and Wilkinson as 1/12 each. While the execution of such division orders would amount to an estoppel in favor of the oil companies, or other purchaser of the crude oil, no estoppel would arise therefrom in favor of the parties to the division orders between or among themselves. Summers Oil & Gas, Vol. 3, p. 424; Stanolind Oil & Gas Co. v. Terrell, Tex.Civ.App., 183 S.W.2d 743, wr. ref.

■ Appellants cite Pennell v. United Ins. Co., 150 Tex. 541, 243 S.W.2d 572, and other authorities which hold to the effect:

"'As between individuals, money voluntarily paid on a claim of right, with full knowledge of all the facts in the absence of fraud, can not be recovered back merely because the party at the time was ignorant of and mistook the law applicable.'" Pennell v. United Ins. Co.

We think such authorities are not applicable to the facts in this case. The monies in question were not paid by plaintiffs-appellees or defendants-appellees but were paid by the executor. As we view the facts in this case, it appears to us that the independent executor of the estate simply distributed the estate in accordance with his understanding of the matter based primarily upon an erroneous construction of the will by the attorney for the estate and did not rely on any action or inaction on the part of any of the appellees. Appellants' Point 8 is respectfully overruled.

Finding that appellants' points do not present error, the judgment of the trial court is accordingly affirmed.