Elton E. COLE, Appellant,

v.

James T. HARRIS, Appellee.

No. 6898.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 28, 1959.

Henry L. Ford, Amarillo, for appellant.

Moran & Miller, Dimmitt, Evans & Goodall, Tulia, for appellee.

DENTON, Chief Justice.

This is an appeal from a judgment of the trial court construing a will of Eva Cole, dated February 18, 1955, and refusing to probate a prior will of the testatrix dated July 23, 1929. The appellant, Elton E. Cole, filed a petition in the county court asking that the 1929 will be probated, while the appellee, James T. Harris, filed a petition to probate the 1955 will. The two cases were consolidated in both the county court and

the district court. Both the county court and district court refused to probate the will dated July 23, 1929, and both courts admitted to probate the will dated February 18, 1955. The appeal here was brought by Elton E. Cole, the only survivor of testatrix and the executor and sole beneficiary of the 1929 will. The appellant brings forward eleven points of error complaining in substance of the trial court's action in admitting into probate the last will of the testatrix rather than the prior will.

In order to more clearly present this matter, we deem it advisable to set out the pertinent paragraphs of the last will dated February 18, 1955.

"2. I direct that all my just debts be paid by my executor hereinafter appointed, as soon as he may do so without sacrificing my estate.

"3. I hereby give, devise and bequeath all the rest and remainder of my property of whatsoever nature or kind and wheresoever situated in trust to James T. Harris, of Tulia, Texas, as trustee for the support, use and benefit and the care of my beloved husband B. B. Cole, so long as he may live, and on his death any remaining to pass to and vest in the following persons and amounts, hereby conferring upon said trustee James T. Harris all powers and authorities under the Texas Trust Act and any amendments thereon.

"4. On the death of my beloved husband and in such event only then I hereby give, devise and bequeath to Mrs. B. J. Wileman my present home place being described on the tax rolls as Tract 8 of Section 21, Block W1, Swisher County, Texas, and also bequeath to her the sum of $3,000.00 in cash.

"5. On the death of my beloved husband and in such event only then I give, devise and bequeath to the following persons the amount of cash hereinafter stated:

"To my granddaughter Mrs. Nell Marie Dunlap $5,000.00;

"To my son Elton Cole the sum of $4,000.00 cash and release him from his debt of $2,000.00 owing me.

"To my sister Mrs. Emma Boyd the sum of $1,000.00;

"To my sister Mrs. Ada Edwards the sum of $1,000.00;

"To my brother E. M. Cobler $1,000.-00;

"To my niece Ola McKormick the sum of $1,000.00;

"To my granddaughter Mrs. Clyde Wakefield $1,000.00;

"To Mary McCombs the sum of $1,000.00 and my blond bedroom suite.

"And if any balance remaining after the payment of the above bequests that such balance be paid to the First Presbyterian Church, of Tulia, Texas.

"But if there is not sufficient property to pay all in full then they shall be paid pro rata."

B. B. Cole, the husband of the testatrix, died on July 16, 1956. The testatrix, Eva Cole, died November 23, 1957. The primary concern here is the effect of Paragraph 3 of the last will, quoted above, in light of the fact that B. B. Cole predeceased the testatrix.

The rule is well established that in the absence of a statute on the question, under a will containing a residuary clause, a bequest of property, which, valid when made, fails for any reason such as the death of the legatee prior to the death of the testator or testatrix becomes a lapsed legacy and falls into the residuary clause and passes to the residuary legatees, unless a different intention is expressed in the will. Bittner v. Bittner, Tex.Com.App., 45 S.W. 2d 148; Kuehn v. Bremer, Tex.Civ.App., 132 S.W.2d 295. Another well established rule of law is cited in the Kuehn case to the

effect that unless a contrary intention is plainly expressed or necessarily implied, it will be presumed from the mere fact of making a will, that the testator or testatrix intended to dispose of his entire estate, and that he did not intend to die intestate as to the whole or any part of his property. We need to cite no authorities to support the well established rule that the intention of the testator or testatrix, as shown by the language used in the will, must govern.

 A will speaks from the date of the death of the testator or testatrix and not as of the date of the execution of the will, and conveys no present right, and vests nothing during the life of the testator or testatrix. Willis v. Snodgrass, Tex.Civ.App., 302 S.W. 2d 706; Jones v. Eastham, Tex.Civ.App., 36 S.W.2d 538; Hagood v. Hagood, Tex. Civ.App., 186 S.W. 220.

We believe the provisions of the will of Eva Cole dated February 18, 1955 are clear and unambiguous. The language of this will clearly shows the intention of the testatrix to be to establish a testamentary trust for the use and benefit of B. B. Cole and that such trust was to take effect only upon the death of Eva Cole. We further believe that it was her clear intention that should B. B. Cole predecease the testatrix the property would be distributed to the specific persons and institution as set out in the residuary clauses in Paragraphs 4 and 5 of the will.

Under the record we are of the opinion that the will dated February 18, 1955 was a subsequent will, executed with proper formalities and that under Section 63 of the Texas Probate Code, V.A.T.S., the trial court did not err in admitting into probate the will dated February 18, 1955 rather than the prior will dated July 23, 1929.

There was not a scintilla of evidence presented in the trial of the case to show or imply undue influence on the testatrix at the time she executed the last will under consideration here. There was ample evidence to establish the mental capacity of the testatrix to make the will.

The appellee was named as both independent executor and trustee of the testamentary trust. Because of the fact the trust provisions did not become effective because of the prior death of the proposed beneficiary under the trust, the appellee's only remaining duties under the will are to act as independent executor and to proceed with the disposition of the estate according to Paragraphs 4 and 5 of the will.

Although we have not specifically set out the points of error brought forward by appellant, we have considered them all. We have discussed the more meritorious ones as we understand them. After carefully considering all the points of error we conclude they present no reversible error. Hence the appellant's points of error are overruled and the judgment of the trial court is affirmed.