Malvina TABOR et al., Appellants,

v.

NATIONAL BANK OF COMMERCE OF SAN ANTONIO, Independent Executor, et al., Appellees.

No. 13831.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 1, 1961.

Rehearing Denied Nov. 22, 1961.

W. R. Smith, Michael W. Wagner, San Antonio, for appellants.

Frederick W. Hanger, Trueheart, McMillan, Russell & Westbrook, San Antonio, for appellees.

BARROW, Justice.

This is an appeal by Malvina Tabor, Evelyn T. Wagner, joined by her husband, Michael Wagner, and Virginia T. Andrus, joined by her husband, R. J. Andrus, from a judgment of the trial court construing the will of Mattie Tabor Mally, deceased. The will of said deceased consisted of her original will, dated February 16, 1951, and four separate codicils thereafter executed. The suit was brought by National Bank of Commerce of San Antonio as Independent Executor of the Estate of Mattie Tabor Mally, Deceased, named and appointed in the second codicil, in lieu of Hershel H. Cooper, who was appointed independent executor in the original will, and other parties, to construe said will. All heirs at law of said Mattie Tabor Mally, deceased, as well as all beneficiaries under her will, were made

parties, either plaintiff or defendant. The facts were stipulated by the parties.

The original will left eighteen special legacies to eighteen different beneficiaries, including one to each of the residuary legatees hereinafter named. The bequests were made by ITEMS 2 to 19, both inclusive. Then followed ITEM 20, which reads:

"After my death, I direct that my Executor, Hershel H. Cooper, sell the real estate of which I may die possessed for the best price obtainable and the cash from said sale, together with any cash remaining after the above bequests have been paid shall be divided equally among Milton Tabor, Melvina Tabor, Evelyn Tabor Wagner and Virginia Tabor Opperman."

In her second codicil the testatrix made the following provision:

"Further, I do declare by this second codicil to my said Will, that if any of the beneficiaries named in Item- 2 to Item 19, both inclusive, in my said Will of February 16, 1951, should not be living at the time of my death, then the bequest to such deceased beneficiary or beneficiaries shall lapse and become a part of the bequest devised to the beneficiaries named in Item 20 of my said Will."

Milton Tabor, who was one of the persons named in Item 20, and four other persons named as special legatees predeceased the testatrix.

The trial court rendered judgment declaring Item 20 of the original will, and the above quoted paragraph of the second codicil, to be the general residuary clause of said testament, and that Mattie Tabor Mally died intestate as to that portion of the residue of her estate devised and bequeathed by Item 20 of her original will to Milton Tabor, and that such portion passes and vests in the surviving heirs at law of the testatrix.

The appellants, the three survivors of the four persons named in Item 20, contend the trial court erred in holding that the residuary devise and bequest to Milton Tabor lapsed and vested in the heirs at law of the deceased, and the court should have construed the will so that the entire residuary estate passed to the three surviving persons named in Item 20.

The four persons named as beneficiaries of the residuary estate were neither children nor lineal descendants of the testatrix, therefore, Section 68 of the Probate Code, V.A.T.S., has no application.

 It is readily apparent from the clear and unambiguous language of Item 20, that the devise or bequest therein made was to the four persons named, as individuals and not as a class. It is equally apparent that the bequest makes no provision for survivorship or substitution. Therefore, the beneficiary, Milton Tabor, having predeceased the testatrix, the bequest to him lapsed and the testatrix died intestate as to that part of the estate, unless, considering the will as a whole, there is some language that can be construed as providing for such survivorship. We find no such language. We think the case falls squarely within the rule stated in Hagood v. Hagood, Tex.Civ.App., 186 S.W. 220, 225, error refused, wherein the Court said:

"The authorities are uniform to the effect that where a devise is made to two or more named persons, and one or more of such persons die before the testator, and there are no words of survivorship in the will, the property, which by the terms of the will goes to such deceased person or persons, lapses and becomes a part of the testator's undevised estate and descends to his or her heirs, regardless of the terms of the will. In such cases the legatees who survive the testator take only such part of the testator's estate as is specifically bequeathed to them. It is otherwise, however, when the devise is to two or more persons as a 'class.' "

The Hagood case has often been cited and consistently followed. Logan v. Thomason, 146 Tex. 37, 202 S.W.2d 212; Benson v. Greenville National Exchange Bank, Tex.Civ.App., 253 S.W.2d 918, error refused n.r.e.; Casey v. Kelley, Tex.Civ.App., 185 S.W.2d 492, error refused; Ellet v. McCord, Tex.Civ.App., 41 S.W.2d 110, error refused.

Appellants forcefully argue that the language used by the testatrix in the second codicil evidences the intent to provide for survivorship of the beneficiaries named in the residuary clause. They particularly emphasize the words, "the bequest to such deceased beneficiary * * * shall lapse and become a part of the bequest devised to the beneficiaries named in Item 20 of my said Will." We do not agree. In the first place, the language used in the codicil clearly shows that the testatrix only intended to place any of the specific legacies which lapsed by the death of the beneficiary into the residuary estate. Moreover, we think the language clearly shows the contrary to appellants' contention. The language used indicates that the testatrix must have understood that any legacy would lapse where the beneficiary died before her own death, and provided for survivorship or substitution in case of the death of any of the specific legatees, but not in case of the death of any of the four beneficiaries of the residuary estate. We think if she had so intended she could easily have so provided. We are of the opinion that the trial court correctly construed the will.

The judgment is affirmed.