**Morton Kahn MORRIS, Appellant,**

v.

**Jack FINKELSTEIN, Independent Executor of the Estate of Henry G. Morris, Deceased, Appellee.**

**No. 245.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

May 21, 1969.

Rehearing Denied June 11, 1969.

W. H. Vaughan, Jr., Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Herman Glosserman, Glosserman, Alter, Smith & Rosenheim, San Antonio, for appellant.

Finis E. Cowan, P. Allan Port, Baker, Botts, Shepherd & Coates, Houston, for appellee.

SAM D. JOHNSON, Justice.

Declaratory judgment action brought for the construction of the will of Henry G. Morris, deceased.

The plaintiff, Morton K. Morris, was the older brother of the decedent and his only surviving heir at law. He was the recipient under the will in question of a specific bequest of $10,000. He brought this action against Jack Finkelstein who was not related to the testator but was the apparent residuary beneficiary of his will.

The essential purpose of the suit is to nullify the apparent residuary clause of the will. The suit was against Finkelstein individually and as executor of the estate of Henry G. Morris. Finkelstein was referred to in the will as "my faithful and devoted friend and benefactor" and was named as Independent Executor.

Neither the plaintiff nor the defendant claimed the will to be ambiguous. Both moved for summary judgment. Plaintiff's motion had attached an affidavit supporting his sole heirship. Defendant's motion had attached three depositions, establishing the relation and situation of the parties. The court overruled the plaintiff's motion and granted the defendant's motion. Appeal from such judgment is duly perfected by the plaintiff.

The body of the will in question is as follows:

## "LAST WILL AND TESTAMENT

"THE STATE OF TEXAS 
COUNTY OF HARRIS 
} KNOW ALL MEN BY THESE PRESENTS:

———◆———

"That I, HENRY G. MORRIS, of the County of Harris and State of Texas, being of sound and disposing mind and memory and above the age of twenty-one (21) years, and desiring to so provide for the disposition of my estate that there may be no confusion concerning the same after my death, do hereby make, declare and publish this, my Last Will and Testament, hereby revoking all wills and codicils by me at any time heretofore made.

"I

"I desire and direct that all of my just debts be paid out of my estate as soon as practicable by my Executor to be hereinafter appointed.

"II

"I give, devise and bequeath unto my beloved brother, MORTON KAHN MOR-

RIS, of San Antonio, Texas, the sum of TEN THOUSAND ($10,000.00) DOLLARS in cash, if he should survive me. In the event that my said brother should predecease me, I give, devise and bequeath all of my estate, including this specific bequest and in addition to the rest residue and remainder of my property, to JACK FINKELSTEIN, as hereinafter set out in paragraph III below.

"III

"All of the rest, residue and remainder of my property and estate of every kind and character owned by me at the time of my death, real, personal and mixed, and regardless of where situated, including but not limited to my unlimited one-half (½) interest in the real property situated at 1407 Walker Avenue, Houston, Texas, and my undivided one-quarter (¼) interest in a

**454**

house and lot situated at 413 North Sixth Street, St. Joseph, Missouri, I give, devise and bequeath unto my faithful and devoted friend and benefactor JACK FINKEL-STEIN, of Houston, Harris County, Texas.

"IV

"I hereby appoint the said JACK FINKEL-STEIN Independent Executor of this, my Last Will and Testament, and I direct that no bond or security shall be required of him as such and that no other action shall be had in the County or Probate Court in relation to the settlement of my estate than the probating and recording of this, my will, and the return of statutory inventory, appraisement and· list of claims of said estate, and of all claims due or owing by me at the time of my death.

"V

"In the event that the said JACK FINKEL-STEIN should predecease me, or should fail or refuse for any reason whatsoever to act as Executor of this, my Last Will and Testament, I hereby appoint ABE ZUBER of Houston, Texas, as substitute Independent Executor of my estate and I direct that no bond or security shall be required of him as such.

"This I make and publish as my Last Will and Testament hereunto signing and subscribing my name this 20 day of May, A.D. 1963, in the presence of Watson C. Kennington, and Ralph Balasco, who attest the same at my request."

Plaintiff, Morton K. Morris, sought a judicial determination in the trial court that the apparent residuary devise and bequest to Jack Finkelstein in paragraph III was conditioned upon Morton K. Morris' not surviving the decedent, Henry G. Morris. Plaintiff contends that the decedent died intestate as to his residuary estate, which is the bulk of it, after the payment of specific bequest to himself.

It is plaintiff's position that while paragraph II disposed of the entire residuary estate such disposition was conditioned upon his predeceasing the testator. This condition, of course, did not occur. Plaintiff contends that paragraphs II and III of the will are inseparable and dependent one upon the other because the "* * * last clause of paragraph II in referring to paragraph III thereby links it and conditions it upon the provisions of paragraph II." Plaintiff perceives no provision in the will pertaining to the residuary estate of the decedent now that he, the plaintiff, has survived the decedent and contends that the residuary estate remaining after the payment to himself of the $10,000 specific bequest did not pass under the terms of the will.

Under plaintiff's construction of the will three things occur. The specific bequest of $10,000 passes to the plaintiff under the will. The decedent is held to have died intestate as to the residue of his estate for paragraph III is deemed to be altogether ineffective. The residue of the decedent's estate then passes to the plaintiff by the laws of descent and distribution.

Plaintiff concedes that there would be no dispute in the absence of the final eight words of paragraph II which recite "* * as hereinafter set out in paragraph III below." The isolated question herein is whether these words link, limit and condition paragraph III to paragraph II. To so conclude requires a determination that the testator in making what otherwise is a complete residuary devise and bequest, in identifying a portion of the very properties devised to the residuary beneficiary and in making the will itself, nevertheless intended to die intestate as to all but $10,000 of his estate.

■ We believe that the most reasonable construction of the language in the second sentence of paragraph II is that it was the testator's attempt to avoid intestacy as to any part of his estate. He provides that if his brother predeceases him the $10,000 bequest should go to Jack Finkelstein, *"in addition to"* the residue of his estate.

The testator was apparently indicating his intent that if his brother predeceased him that Finkelstein was to receive the $10,000 as well and in addition to the remainder of the estate described in paragraph III.

■ The intention of the testator is to be gleaned from the language of the entire instrument, rather than from isolated words or portions of it. Republic Nat'l Bank of Dallas v. Fredericks, 155 Tex. 79, 283 S.W. 2d 39. The dominant purpose of the testator in the instant case to make the residuary devise to Finkelstein is apparent and it is not for the courts to ignore a separate and complete paragraph which quite clearly sought to do this very thing.

■ The most obvious intent in the entire instant instrument is that Finkelstein be the recipient of the testator's residuary estate. Where such basic intention and purpose is apparent all rules of construction must yield to it. Calvery v. Calvery, 122 Tex. 204, 55 S.W.2d 527; Bittner v. Bittner, (Comm.App.), 45 S.W.2d 148; Bartlett v. Terrell, Tex.Civ.App., 292 S.W. 273, err. ref.

■■ The basic purpose of a residuary clause such as paragraph III is to prevent partial intestacy. Where one is contained in a will every presumption will be made against *intended* intestacy. Sanger v. Butler, 45 Tex.Civ.App. 527, 101 S.W. 459, writ ref.; Heller v. Heller, 114 Tex. 401, 269 S.W. 771, (Comm.App.); Goggans v. Simmons, Tex.Civ.App., 319 S.W.2d 442, writ ref., n. r. e.

■ There is a presumption that a testator does not intend to die intestate as to part of his estate, Briggs v. Peebles, 144 Tex. 47, 188 S.W.2d 147, and if a will is subject to more than one construction, that resulting in intestacy will not be adopted if by any reasonable construction it can be avoided. Ferguson v. Ferguson, 121 Tex. 119, 45 S.W.2d 1096, 79 A.L.R. 1163; Neinast v. Brauckmuller, Tex.Civ.App., 401 S.W.2d 113, no writ hist.

We believe the judgment of the trial court accords with the testator's intent as evidenced by his entire will.

The judgment of the trial court is affirmed.