Helen H. SWEARINGEN et
al., Appellants,

v.

Rex GILES et al., Appellees.

No. 5137.

Court of Civil Appeals of Texas,
Eastland.

April 20, 1978.

Rehearing Denied May 18, 1978.

Kirk Kuykendall, Lockhart, Kuykendall
& Jones, Austin, for appellants.

John W. Peterson, Beeville, Joseph H.
Hart, Hart & Hart, Austin, for appellees.

RALEIGH BROWN, Justice.

We must resolve if a lapsed portion of a residuary bequest should pass to the surviving residuary beneficiaries or by intestacy to the heirs at law.

Plaintiffs, Helen Hancock Swearingen, H. N. Hancock, H. L. Hancock and Dorothy Hancock Woolard, all children of Hubert Alonzo Hancock, the deceased brother of Wayne H. Covington, claim Mrs. Covington died intestate as to one-half of her residuary estate. Defendants, Rex Giles, Joy Bragg, individually and as personal reprevatative of the estate of Wayne H. Covington, James C. Giles, Lee Storey and Betty Jo Loan, all children of Ruby Davis, sister of Wayne H. Covington, and Louis Davis, Ruby's surviving husband, claim the entire residuary estate. Following a trial before the court without a jury, a judgment that plaintiffs take nothing was entered. They appeal. We reverse and render.

Wayne H. Covington was married to William T. Covington, who predeceased her in death. She had no children and was not survived by her father or mother. Mrs. Covington had two sisters, Ruby Davis and Mary Ellen Hancock, and a brother, Hubert Alonzo Hancock. Both Mary Ellen Hancock and Hubert Alonzo Hancock died before Wayne Covington. Mary Ellen Hancock was not survived by lineal descendants while Hubert Alonzo Hancock was survived by the plaintiffs.

Ruby Davis survived Mrs. Covington, but subsequently died intestate and was survived only by her husband, Louis Davis, and her children, James C. Giles, Lee Storey, Betty Jo Loan, Rex Giles and Joy Bragg, the defendants.

Items 2, 3 and 4 of the will of Wayne H. Covington disposed of her property. Item 2 gave all her property to her husband. Item 3 set out specific bequests to named devisees in the event her husband predeceased her or died within six months after her death or before the will was probated.

The primary subject of controversy is Item 4, the residuary clause of the Wayne H. Covington will, which reads:

"In the event that my said husband shall predecease me, or if he should die within six months after my death or before this will is probated, whichever occurs earlier, then, in any of such events, I give, devise and bequeath all of the rest and residue of my property, of whatsoever nature and kind, to my sisters, Mary Ellen Hancock and Ruby Davis, or their descendants, share and share alike, and in such event I direct that all of my said property be distributed per stirpes among their lineal descendants, including adopted children."

Appellants argue the trial court erred in holding that even though there were no words of survivorship, a bequest to a legatee in the residuary clause of a will who predeceased the testatrix inures to the benefit of the surviving residuary beneficiary. We agree.

Appellees contend that the will leaves no property of the decedent unaccounted for because after specific devises, the testatrix in Item 4 gave, devised and bequeathed *"all of the rest and residue of my property,* of whatsoever nature and kind to her two sisters, Mary Ellen Hancock and Ruby Davis or their descendants."

They recognize that since Mary Ellen Hancock had no lineal descendants, Section 68, Probate Code, would not prevent the lapsing of her share. They argue, however, that Hubert Alonzo Hancock had died long before the testatrix, no mention of either Hubert or his children are in the will and the evidence reflected the feeling of the testatrix towards appellants was one of hostility; the testatrix intended, therefore, that the survivor, Ruby Davis, should receive the residuary estate.

Appellees assert the general rules of will construction are supportive of their position. The cardinal rule involved in all will construction cases, including one where a partial intestacy is alleged due to lapse of a devise, is that the intent of the testator will control. *Briggs v. Peebles,* 188 S.W.2d 147 (Tex.1945); *Sewell v. Sewell,* 266 S.W.2d 924 (Tex.Civ.App.—Texarkana 1954, writ ref. n. r. e.); *Urban v. Fossati,* 266 S.W.2d 397 (Tex.Civ.App.—San Antonio 1954, writ ref. n. r. e.).

Another applicable rule is that where the decedent leaves a will, there is a strong presumption against any partial intestacy. *Briggs v. Peebles,* 144 Tex. 47, 188 S.W.2d 147 (1945); *Ferguson v. Ferguson,* 121 Tex. 119, 45 S.W.2d 1096 (1931); *Crowley v. Vaughan,* 347 S.W.2d 12 (Tex.Civ. App.—San Antonio 1961, writ ref'd); *Urban v. Fossati,* 266 S.W.2d 397 (Tex.Civ. App.—San Antonio 1954, writ ref. n. r. e.).

Justice Pope stated the strength of the presumption in *Urban v. Fossati,* supra, as follows:

". . . The force of the positive presumption against intestacy, otherwise stated, is that the one who insists upon the partial intestacy must be in a position to show that the will clearly intended that the testator should die intestate. Unless we are pointed to something which clearly expresses or necessarily implies intestacy, the presumption of testacy will prevail. *Boone v. Stone,* Tex.Civ. App., 142 S.W.2d 936; *Ellet v. McCord,* Tex.Civ.App., 41 S.W.2d 110; 44 Tex.Jur., Wills, § 148. This presumption is said to be particularly strong when the subject of the gift is the residuary estate . ."

The court in *Morris v. Finkelstein,* 442 S.W.2d 452 (Tex.Civ.App.—Houston (14th Dist.) 1969, writ ref. n. r. e.) considering the effect of a residuary clause said:

"The basic purpose of a residuary clause such as paragraph III is to prevent partial intestacy. Where one is contained in a will every presumption will be made against *intended* intestacy. *Sanger v. Butler,* 45 Tex.Civ.App. 527, 101 S.W. 459, writ ref.; *Heller v. Heller,* 114 Tex. 401, 269 S.W. 771, (Comm.App.); *Goggans v. Simmons,* Tex.Civ.App., 319 S.W.2d 442, writ ref., n. r. e."

Appellees urge that the same rule should apply to a lapsed portion of a residuary bequest as to a lapsed specific bequest which is stated by the court in *Kuehn v. Bremer,* 132 S.W.2d 295 (Tex.Civ.App.—Waco 1939, writ ref'd) to be:

"The rule is recognized and is supported by the weight of authorities that in the absence of a statute upon the question, under a will containing a general residuary clause, a bequest of property, which, valid when made, fails for any reason, such as the death of the legatee prior to the death of the testator, becomes a lapsed legacy and falls into the residuary clause and passes to the residuary legatee, unless a different intention is expressed in the will . . ."

See also: *Sewell v. Sewell,* 266 S.W.2d 924 (Tex.Civ.App.—Texarkana 1954, writ ref. n. r. e.); *Lightfoot v. Poindexter,* 199 S.W. 1152 (Tex.Civ.App.—Austin 1917, writ ref'd); *Jordan v. Virginia Military Institute,* 296 S.W.2d 952 (Tex.Civ.App.—San Antonio 1956, no writ).

Appellees agree that while this exact point has not been discussed in Texas, they contend that unless appellants can show a clearly expressed intention that the testatrix desired her property to pass by intestacy, the presumption against intestacy applied to lapsed specific gifts, should also apply in the instant case to a lapsed residuary gift.

They recognize the application of two basic rules by jurisdictions other than Texas in resolving the problem presented by the instant case. One referred to as the "old, traditional, orthodox English rule" which says that there "cannot be a residue of the residue"; the other "modern rule" which provides that the lapsed portion of the residue goes to the surviving residual legatees. In a number of American states, the traditional rule has been changed by statutory provision, including eleven states which have adopted the Uniform Probate Code; in other jurisdictions, independent of any statutory provision, the courts have rejected the common law rule.

Appellees argue that although they have been unable to find any Texas cases expressly endorsing or rejecting the orthodox rule or the modern rule and there is no Texas statute applicable nor has Texas adopted the Uniform Probate Code, the modern rule is the only one compatible with the general rules of construction of wills in Texas: the intent of the testator should control; there is a presumption the testator intended to die testate as to all of his property; the presumption against intestacy can be overcome only by clearly expressed, plain and unambiguous language; and when there is a residuary clause that presumption is strengthened.

Regardless of appellees' very forceful argument, we conclude Texas courts hold that the portion of a residuary bequest which lapses without words of survivorship passes by intestacy to the testatrix's heirs at law. Texas courts hold that the presumption against intestacy will not be allowed to create a dispositive provision in a will when no basis for the disposition can be found in the language of the will. *Haile v. Holtzclaw,* 414 S.W.2d 916 (Tex.1967); *Carr v. Rogers,* 383 S.W.2d 383 (Tex.1964).

The court in *Tabor v. National Bank of Commerce of San Antonio,* 351 S.W.2d 126 (Tex.Civ.App.—San Antonio 1961, no writ) considering a residuary clause similar to the instant one held:

"It is readily apparent from the clear and unambiguous language of Item 20, that the devise or bequest therein made was to the four persons named, as individuals and not as a class. It is equally apparent that the bequest makes no provision for survivorship or substitution. Therefore, the beneficiary, Milton Tabor, having predeceased the testatrix, the be-

quest to him lapsed and the testatrix died intestate as to that part of the estate, unless, considering the will as a whole, there is some language that can be construed as providing for such survivorship. We find no such language. We think the case falls squarely within the rule stated in *Hagood v. Hagood,* Tex.Civ.App., 186 S.W. 220, 225, error refused, wherein the Court said:

'The authorities are uniform to the effect that where a devise is made to two or more named persons, and one or more of such persons die before the testator, and there are no words of survivorship in the will, the property, which by the terms of the will goes to such deceased person or persons, lapses and becomes a part of the testator's undevised estate and descends to his or her heirs, regardless of the terms of the will. In such cases the legatees who survive the testator take only such part of the testator's estate as is specifically bequeathed to them. It is otherwise, however, when the devise is to two or more persons as a "class".'

The *Hagood* case has often been cited and consistently followed. *Logan v. Thomason,* 146 Tex. 37, 202 S.W.2d 212; *Benson v. Greenville National Exchange Bank,* Tex.Civ.App., 253 S.W.2d 918, error refused n. r. e.; *Casey v. Kelley,* Tex.Civ. App., 185 S.W.2d 492, error refused; *Ellet v. McCord,* Tex.Civ.App., 41 S.W.2d 110, error refused."

The court in *Logan v. Thomason,* 146 Tex. 37, 202 S.W.2d 212 (1947) said:

"When a devisee or legatee, other than a lineal descendant, dies during the lifetime of the testator, the gift to him fails or lapses unless the testator prevents it by a provision in his will for the substitution of some other recipient. That is, if the will does not provide for substitution the devise or bequest fails where the deceased devisee or legatee is not a descendant of the testator, or where, being a descendant, he himself was not survived by children or descendants who survive the testator. *Bomar v. Carstairs,* 124 Tex. 492, 79 S.W.2d 841 . . . ."

See also: *Carr v. Rogers,* 383 S.W.2d 383 (Tex.1964); *Willis v. Snodgrass,* 302 S.W.2d 706 (Tex.Civ.App.—Texarkana 1957, writ ref. n. r. e.); *Ellet v. McCord,* 41 S.W.2d 110 (Tex.Civ.App.—Austin 1931, writ ref'd).

We disagree with appellee that *Briggs v. Peebles,* 144 Tex. 47, 188 S.W.2d 147 (1945) is controlling and is additional authority that a lapsed residuary gift should remain in the residue.

The will in *Briggs* was holographic and provided:

" 'In case of my death what property I possess is to be divided equally between my Brothers & Sisters If they are living If not my nearest Relatives their children.' "

The testator had five brothers and sisters but only two survived him. Of the three who predeceased him, only one died without children. The court after considering the rules that (a) testator intends to dispose of all of his property; (b) his interest is to be determined from the language of the will; and, (c) great latitude is permitted in construing holographic wills held that the childless brother's share should be distributed ¼ each to the surviving brother and sister and ¼ each to the children of the two deceased collateral heirs of the testator.

The court in *Briggs* found dispositive language in the will to distribute the entire estate. The Covington will fails to include such language.

The language of the will of Wayne H. Covington is clear, unambiguous and without words of survivorship or substitution in the event Mary Ellen Hancock predeceased the testatrix. In such event, that bequest lapsed and passed to the heirs at law of Wayne H. Covington.

Since we hold Wayne H. Covington died intestate as to the undivided ½ of her residuary estate bequeathed to Mary Ellen Hancock, consideration of appellants' other points of error are unnecessary.

The judgment of the trial court is reversed and rendered that Helen Hancock Swearingen, H. N. Hancock, H. L. Hancock

and Dorothy Hancock Woolard be awarded an undivided ¼ interest of the residuary estate of Wayne H. Covington.