**Joe Slator PETSCH et al.,**

v.

**C. H. SLATOR.**

No. 12748.

Court of Civil Appeals of Texas, Austin.

Oct. 18, 1978.

Rehearing Denied Dec. 5, 1978.

Joe Slator Petsch, Del Rio, C. C. Small, Jr., Richard S. Donoghue, Small, Craig & Werkenthin, Austin, for Harold Petsch Brelsford, Diana Brelsford, Susanna Brelsford, Madge Brelsford and John Brelsford.

John W. Stayton, Jr., McGinnis, Lochridge & Kilgore, Austin, for appellee.

SHANNON, Justice.

This appeal is from a judgment entered by the district court of Llano County in a will construction case. The important question is whether certain lapsed gifts passed by intestacy to the testator's heirs or by the terms of the residuary clause of the will to the residual beneficiaries. The court overruled appellants' motion for summary judgment and entered summary judgment for appellee. The judgment declared that the lapsed gifts passed to the testator's heirs by intestacy.

The will in question was signed by the testator, J. D. Slator, Jr., on August 14, 1959. The testator owned ranch land in Llano and Blanco Counties and certain oil producing property in Ector County. At death the testator possessed large sums of cash, United States Government Bonds, and United States Treasury Bills. He also held life insurance stock and stock in a Llano savings and loan association.

The testator died on February 25, 1973. His wife, Josephine Pehl Slator, had died earlier. The testator and his wife were childless. He was survived by three brothers and one sister. A brother, C. H. Slator, is appellee. The testator left at least one nephew and two nieces and several grandnephews and grandnieces. A number of these persons were residual beneficiaries under the will. The nephew, the grandnephews, and grandnieces are appellants.

The will was admitted to probate in 1973 by order of the County Court of Llano County. The testator's nephew, Joe Slator Petsch, was appointed independent executor, but he later filed his resignation. E. H. Slator, the testator's brother, was appointed administrator with will annexed. An inventory and appraisement and list of claims was filed and approved by order of the court.

Appellants raise a threshold problem by their point of error that the district court lacked jurisdiction to entertain the will construction suit. Appellants' contention is based upon Tex.Prob.Code Ann. § 5(b) and § 5(d) (Supp.1978). Section 5(b) provides in part as follows:

"In those counties where there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate, administrations, guardianships, and mental illness matters shall be filed and heard in the county court, except that in contested probate matters, the judge of the county court may on his own motion, or shall on the motion of any party to the proceeding transfer such proceeding to the district court, which may then hear such proceeding as if originally filed in such court. . . ."

The applicable portion of § 5(d) provides as follows:

"All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate, including but not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate, and actions to construe wills. . . ."

Appellants argue that under § 5(b) a district court for a county such as Llano County cannot exercise jurisdiction over a probate matter until the county court probate proceedings have been transferred to district court. Since the county court proceedings had not been transferred to district court in the manner provided by § 5(b), appellants maintain that the district court did not have jurisdiction to entertain appellee's suit to construe the will.

Although § 5 was intended to broaden jurisdiction of the probate court, the section has not been construed to exclude jurisdiction of the district court in suits to cancel deeds to lands of an estate, *Folliott v. Bozeman*, 526 S.W.2d 577 (Tex.Civ.App.1975, writ ref'd n. r. e.), and *Nolan v. Bettis*, 562 S.W.2d 520 (Tex.Civ.App.1978, no writ), or in suits to impose a constructive trust upon the assets of estate, *Gordy v. Alexander*, 550 S.W.2d 146 (Tex.Civ.App.1977, writ ref'd n. r. e.). Likewise, § 5 has not been construed to exclude jurisdiction of the district court in suits to construe wills. *Boyd v. Ratliff*, 541 S.W.2d 223 (Tex.Civ.App. 1976, writ dism'd). Appellants' point of error is overruled.

Appellants' points of error two and three present the question whether the lapsed gifts to Josephine Slator passed to the testator's heirs or to the residual beneficiaries. The relevant paragraphs of the will are either described or quoted below.

Paragraph two provided that Josephine, the testator's wife, take the cash on hand and the United States Government Bonds. In paragraph three the testator devised to Josephine the "M. C. Winters Ranch," a ranch of 3557.2 acres located in Llano and Blanco Counties, along with the livestock on that ranch.

In paragraph four the testator devised to his brothers, E. H. Slator and C. H. Slator, the "Six Mile Ranch," composed of 3754.67 acres located in Llano County, along with the livestock on that ranch.

Paragraph five is the residuary clause and is set out below:

"All of the rest, residue and remainder of my property and estate, after the delivery of the specific bequests made in Paragraphs 2, 3 and 4 of this will, such rest, residue and remainder of my property and estate to include all of the property and estate of every nature, character and description, whether real, personal or mixed and wheresoever the same may be situated, exclusive of the specific bequests in said Paragraphs 2, 3 and 4 hereof, I hereby give, will, devise and bequeath unto the following named persons, in equal portions, share and share alike, to-wit:

(1) My wife, Josephine Slator;

(2) Harold Petch [*sic*] Brelsford;

(3) Diane Brelsford;

(4) Suzan [*sic*] Brelsford;

(5) Madge Brelsford;

(6) John Brelsford;

(The said Harold Petch [*sic*], Diane, Suzan [*sic*], Madge and John Brelsford being children of my Niece, Peggy Petch [*sic*] Brelsford)

(7) Debra Lou Slator, daughter of my brother, C. H. Slator;

(8) Joe Slator Petch [*sic*] ; son of my sister Myra Petch [*sic*];

"To have and to hold the said rest, residue and remainder of my property and estate unto the above named Josephine Slator, Harold Petch [*sic*] Brelsford, Diane Brelsford, Suzan [*sic*] Brelsford, Madge Brelsford, John Brelsford, Debra Lou Slator, and Joe Slator Petch [*sic*], in equal portions, share and share alike, and to their heirs and assigns forever."

Paragraph six provides as follows:

"By my property disposed of by this will, I intend to dispose of all my property of whatever kind, real, presonal [*sic*] or mixed, in my possession, and to which I am entitled at the time of my death, including not only my separate property but also all the community estate existing between myself and my wife Josephine Slator at the time of my death, and therefore the said bequests to my said wife Josephine Slator under this will are made upon the condition that she waive any and all claims to any interest she may have in our community property, and thereby recognize the disposition of said Community property of said community estate as herein made, and upon the execution of such a release and waiver of such a release and waiver of such claim to said Community estate, said bequests are to be delivered to her as such beneficiary, otherwise my said wife shall only receive all of my interest in the Community Estate existing between us at the time of my death, and my Separate Estate shall pass to and vest in the beneficiaries, other than my said wife Josephine Slator, as named in Paragraphs 4 and 5 hereof, in equal portions, share and share alike, and their heirs and assigns, forever."

█ Josephine Slator died before the testator. As a result, the gifts to her in the will lapsed. The usual rule is that a lapsed legacy falls into the residue of the estate and passes to the residual beneficiary unless it appears that the testator intended otherwise. *Moss v. Helsey*, 60 Tex. 426 (1883);

*Jordan v. Virginia Military Institute*, 296 S.W.2d 952 (Tex.Civ.App.1956, no writ).

Appellee's argument is that the lapsed gifts to Josephine did not pass under the residuary clause of the will because of the wording of two phrases in paragraph 5, " . . . after the delivery of the specific bequests made in Paragraphs 2, 3 and 4 of this will . . . " and " . . . exclusive of the specific bequests in said Paragraphs 2, 3 and 4 hereof . . . " Appellee claims that the quoted phrases remove the specific bequests in paragraphs two and three from the operation of the residuary clause. For authority appellee relies upon *Moss v. Helsey, supra; Bittner v. Bittner*, 45 S.W.2d 148 (Tex.Comm'n App.1932, judgmt adopted); *Lenz v. Sens*, 27 Tex.Civ. App. 442, 66 S.W. 110 (1901, writ ref'd); and *Neinast v. Brauckmuller*, 401 S.W.2d 113 (Tex.Civ.App.1966, no writ).

Appellants list many out-of-state cases which they claim support the position that phrases such as those in paragraph five do not, standing alone, operate to keep lapsed gifts from passing as part of the residue.

A statement of the rule with respect to similar phrases is found in 80 Am.Jur.2d *Wills* § 1690 (1975):

"Where a residuary clause contains some such phrase as 'not hereinbefore disposed of,' 'not hereinbefore specified,' or 'not otherwise disposed of,' as in a gift of 'the residue of my estate not before disposed of,' it has frequently been contended that the addition of such language indicates an intention that the residuary clause is not to apply to prior gifts in the event of their lapse or other failure, but this contention has been generally denied, the courts taking the position that the use of such a phrase as those mentioned does not operate to change the general import of such recognized expressions as 'residue,' 'remainder,' etc., unless other language of the will necessitates such a result. A similar view is taken with respect to the use of such expressions as 'after paying the preceding devises and bequests,' 'after carrying out my hereinbefore legacies and bequests,' etc."

■ *Bittner v. Bittner, supra; Lenz v. Sens, supra*; and *Neinast v. Brauckmuller, supra*, support appellee's position. We do not understand those cases, however, to stand for the proposition that in no event may the lapsed gifts pass by the residuary clause. If the will as a whole reveals an intent of the testator that none of his estate pass by intestacy, then such intent should be given effect by a construction that the lapsed gifts pass by the residuary clause.

■ The primary principle in the construction of wills is that the intention of the testator shall prevail. "All the rules which are observed in the construction of wills, have for their object, to aid in ascertaining and giving effect to such intention." *Philleo v. Holliday*, 24 Tex. 38 (1859). In seeking to ascertain the testator's intent the court is limited, generally, to a determination based upon the words used by the testator in the will. *Rekdahl v. Long*, 417 S.W.2d 387 (Tex.1967).

■ If one makes a will, the general presumption is that he intends to dispose of all of his property, *Briggs v. Peebles*, 144 Tex. 47, 188 S.W.2d 147 (1945), and if a will is subject to more than one construction, the construction resulting in intestacy will not be adopted if by any reasonable construction it can be avoided. *Ferguson v. Ferguson*, 121 Tex. 119, 45 S.W.2d 1096 (1931). If the will contains a residuary clause, every presumption will be made against intended intestacy. *Morris v. Finkelstein*, 442 S.W.2d 452 (Tex.Civ.App.1969, writ ref'd n. r. e.).

■ We have examined the entire will in an effort to ascertain the intent of the testator. Paragraph six is particularly relevant to the consideration of that intention. Paragraph six provides in part: " . . . I intend to dispose of all my property of whatever kind, real, presonal [*sic*] or mixed, in my possession, and to which I am entitled at the time of my death, including not only my separate property but also all the community estate existing between myself and my wife. . . ." The testator could hardly express more positively his intention to dispose of all of his property. We give effect to the testator's express intention by holding that the lapsed gifts to Josephine Slator in paragraphs two and three of the will did not pass by the laws of intestacy, but instead passed under the residual clause of the will to the residual beneficiaries.

Appellants assert further that Josephine's one-eighth share in the residuary estate passed equally to the other residual beneficiaries. Appellee responds that the one-eighth share did not pass to the other residual beneficiaries, but instead by intestate succession, because the gift to the residuary estate was not a class gift.

■ We find nothing in the language of the will that would lead to the conclusion that the testator did not intend to dispose of his entire estate. In fact, the testator in paragraph six affirmatively stated his intention to dispose of all of his property. There is no presumption that the testator intended to die intestate as to part of the estate " . . . if the words used in the will *may* carry the whole of his property." *Briggs v. Peebles, supra*. (Emphasis added)

Paragraph five provides that the residuary estate be divided among the residual beneficiaries " . . . in equal portions, share and share alike . . . " As the testator clearly manifested his intent not to die intestate as to any part of the estate, we are of the view that a "fair, practical and reasonable interpretation" of the testator's intent, *Briggs v. Peebles, supra*, is that Josephine's share in the residual estate pass to the seven residual beneficiaries "in equal portions, share and share alike . . . "

Neither *Swearingen v. Giles*, 565 S.W.2d 574 (Tex.Civ.App.1978), writ ref'd n. r. e.), nor *Tabor v. National Bank of Commerce of San Antonio*, 351 S.W.2d 126 (Tex.Civ.App. 1961, no writ), controls our disposition of this point of error. As we understand, the basis for both cases was that the presumption against intestacy does not create a dispositive provision in a will when no basis for the disposition can be found in the language of the will. In the case at bar, we do not ground our judgment upon operation of

the presumption against intestacy but instead upon the intent of the testator as reflected in specific language in the will. The point of error is sustained.

The judgment is reversed. Judgment is here rendered that the lapsed gifts in paragraphs two and three pass by the residuary clause to the residual beneficiaries, and that Josephine Slator's one-eighth interest in the residuary estate pass to the other seven residual beneficiaries, share and share alike. *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396 (1958).

O'QUINN, Justice, dissenting.

It is my studied opinion that the judgment of the trial court should be affirmed, and therefore I do not agree with the majority in reversing that judgment and rendering a contrary judgment. I do concur, however, in overruling the contention of appellants that the district court was without jurisdiction to entertain the suit for construction of the will.

The testator devised to his wife Josephine Slator cash and certain bonds in paragraph 2 of the will, and in paragraph 3 gave his wife the Winters Ranch of nearly 3,600 acres and all livestock grazing on the land at the testator's death.

In paragraph 4 the testator devised jointly to two of his brothers the Six Mile Ranch of nearly 3,800 acres and all livestock grazing on the ranch at the testator's death.

The rest and residue of testator's property was devised in equal portions to named persons in paragraph 5, including his wife, a nephew and a niece, and five great nephews and nieces. Delivery under this paragraph could be made only "after delivery of the specific bequests made in Paragraphs 2, 3 and 4 of this will . . . " and the residue was to be "exclusive of the specific bequests in said Paragraphs 2, 3 and 4 hereof . . ."

Under paragraph 6 the testator made clear his intention not only to dispose of his separate property and his interest in the community held with his wife, but also to dispose of his wife's share of the community

and to put her to an election under the will. The testator there stated that the bequests to his wife were made "upon the condition that she waive any and all claims to any interest she may have in our community property, and thereby recognize the disposition of said Community property of said community estate as herein made . . ." Delivery to his wife of the bequests was further conditioned " . . . upon the execution of such a release and waiver . . . to said Community estate . . . " The testator provided further that "otherwise my said wife shall only receive . . . " his interest in the community.

The language of the will is clear and unambiguous, and distribution of the property, with or without the waiver and release by the surviving wife, could have been made as plainly provided in the will. The problem in this case is that the testator did not die first. Josephine Slator died on February 17, 1973, and eight days later, on February 25, 1973, J. D. Slator, Jr., the testator, died. It is obvious that much of the language of the will became inapplicable by reason of the sequence of death of the testator and his wife.

The testator made no provision in his will specifying what disposition should be made of the property if Josephine Slator should die first thereby terminating their community estate and rendering it impossible for her to make the election required under paragraph 6. It appears clear that under paragraph 6 the testator intended that his wife's survival be a condition precedent to application and operation of that paragraph. Since Josephine Slator died first, paragraph 6 became ineffective.

Earlier in the will, under paragraph 5, the testator clearly declared his intention that the bequests to Josephine were excluded, along with the bequests to the brothers under paragraph 4, from distribution under the residuary clause. The residue was described as property left "after the delivery of the specific bequests made in Paragraphs 2, 3 and 4," and "exclusive of the specific bequests in said Paragraphs . . ."

The trial court held that all property bequeathed to " . . . Josephine Slator under said Paragraphs 2, 3 and 5 passed under the laws of descent and distribution equally to the four heirs at law of J. D. Slator, Jr., such heirs at law being his brother Paul Slator . . . his brother E. H. (Eric) Slator . . . his brother C. H. Slator . . . and his sister Myra Slator Petsch . . . "

The plain language of the will, as viewed by the trial court, would bar any contention that the will provides an alternative disposition of the bequests to Josephine Slator, and I would affirm the trial court's judgment that all such property passed under the laws of descent and distribution to the testator's four heirs at law.