**Ralph D. BLOCK, Appellant,**

v.

**Elsie Louise EDGE, Appellee.**

**No. A2474.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 12, 1980.

Ann Ryan Robertson, Margraves, Kennerly & Schueler, Max Jennings, Houston, for appellant.

Robert I. Peeples, Houston, for appellee.

Before BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from judgment in the probate of the estate of Hazel G. Riddell giving Elsie Louise Edge, appellee, two–thirds of the residue of the testamentary estate, and giving Ralph D. Block, appellant, one–third of the residue.

Hazel G. Riddell died on September 25, 1976, leaving a will containing the following residuary clause:

## XI.

All the rest, residue and remainder of my estate, if any not hereinabove disposed of, I give in equal shares to Elsie Louise Edge, R. D. Gill and Ralph D. Block; and if there is not enough value in my estate to pay all special bequests above made, each of same except those to R. D. and Opal Gill and Elsie Louise Edge shall be reduced in the same percentage.

R. D. Gill died on February 2, 1976, predeceasing the testatrix. The probate court, in an action by appellee contesting the executors' distribution of the residue, held that the bequest to R. D. Gill had lapsed and would, therefore, pass by intestacy to Hazel Riddell's sole heir–at–law, the appellee. Consequently, the court ordered the executors to deliver two–thirds of the residue to appellee and the remaining one–third to appellant.

Appellant contests the result. He would divide the residue equally between himself and appellee because (1) the intention of the testatrix was to divide the residue among the surviving beneficiaries or (2) that the residuary bequest constitutes a class gift. Either result would prevent any part of the residue from lapsing and passing by intestacy.

The inclusion of alternate dispositive provisions in other clauses of the will only indicates that the testatrix was aware that, by inclusion of appropriate language, she could prevent a bequest from lapsing. She did not include such language in the residuary clause. There are no words of survivorship or substitution, and there is no other language in the will evidencing an intent to prevent the lapse and providing for an alternate disposition. The beneficiaries are not children or lineal descendents of the testatrix.

Absent words of survivorship or substitution, or the application of § 68 of the Probate Code, a bequest to a residuary beneficiary who predeceases the testator will lapse and pass to the testator's heir–at–law. *Swearingen v. Giles*, 565 S.W.2d 574 (Tex.Civ.App.–Eastland 1978, writ ref'd n.r. e.); *Tabor v. National Bank of Commerce of San Antonio*, 351 S.W.2d 126 (Tex.Civ. App.–San Antonio 1961, no writ). Therefore, the bequest to R. D. Gill lapsed and passed by intestacy to appellee.

*Petsch v. Slator*, 573 S.W.2d 849 (Tex.Civ. App.–Austin 1978, writ ref'd n.r.e.) is not controlling for two reasons. The language of the will relied on by the *Petsch* court is absent in this case. Furthermore, the finding of intent to prevent the lapse was based, in that case, on a strained construction of the widow's election clause.

The residuary bequest is not a class gift because the beneficiaries were designated by name. *Benson v. Greenville National Exchange Bank*, 253 S.W.2d 918, 924 (Tex.Civ.App.–Texarkana 1952, writ ref'd n.r.e.); *Hagood v. Hagood*, 186 S.W. 220 (Tex.Civ.App. 1918, writ ref'd w.o.m.).

The judgment of the trial court is affirmed.