

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-19-00284-CV

**IN THE ESTATE OF** Ronald Craig **BURNS**, Deceased

From the County Court, Karnes County, Texas
Trial Court No. 2017-006047
Honorable Polly Jackson Spencer, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
               Irene Rios, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: January 22, 2020

AFFIRMED

Appellants appeal the trial court's order and judgment dismissing their petition for declaratory relief filed in the underlying probate proceeding for lack of standing. We affirm the trial court's judgment.

## Background

This appeal arises from a dispute over the estate of Ronald Burns. Ronald died testate and without issue in 2017. Appellants Anne P. Anderson and Joyce "Jean" Rowell are Ronald's first cousins. Appellants are the co-executrices of the estate of their late sister Susan "Lynn" Petrey, who died in 2012, as well as the beneficiaries of Lynn's estate and co-trustees of the Lynn Petrey Testamentary Trust. Appellees Sharon Lechner, Marcus Burns III, and Matthew Burns are Ronald's niece and nephews. Travelers Casualty and Surety Company of America ("Travelers")

is also an appellee. The following is a graphical depiction of the relevant parties and family members:



Ronald executed his last will and testament in 2007. In addition to specific gifts of property to his former step-children, Ronald gifted the bulk of his estate, including the residuary estate, to his cousin Lynn. The will named Lynn the independent executrix and Ronald's former step-son William Lee Alves the first alternate independent executor. However, both Lynn and William predeceased Ronald.

Ronald's niece Sharon filed an application to probate Ronald's will in Karnes County, and the trial court admitted the will to probate. Noting that Lynn and William predeceased Ronald, the trial court granted Sharon letters of administration and appointed her administratrix of Ronald's estate.

Appellants, who are Lynn's surviving sisters, filed a petition in the probate proceeding on behalf of Lynn's estate, the Lynn Petrey Testamentary Trust, and Petrey Family Minerals, LLC, successor to the Lynn Petrey Testamentary Trust. Appellants sought declaratory judgment that "the Texas anti-lapse statute protects the gifts made to [Lynn], who is a descendant of [Ronald's] mother"[1] and asked the trial court to construe the will to prevent lapse of the gift to Lynn.

---

[1] Although appellants' petition alleged Lynn is a "descendant of Ronald's mother," appellants do not dispute that "[Ronald] and [Lynn] shared the same grandparents, . . . the 'Poindexter Grandparents'[.]"

Alternatively, appellants asked the trial court to find the will ambiguous and declare Ronald's intent was to pass specific and residual gifts "to Susan Lynn Petrey, her heirs and successors."

Sharon and Travelers filed a motion to dismiss appellants' "entire lawsuit," asserting that because all gifts to Lynn failed due to her predeceasing Ronald, appellants (as representatives of Lynn's estate) are not persons interested in the estate with standing to assert claims in the probate proceeding. The trial court held a hearing and granted the motion to dismiss for lack of standing. Appellants appeal from the trial court's order dismissing their petition.

**Standard of Review**

We review a trial court's order on a motion to dismiss for lack of standing like an order on a plea to the jurisdiction. *In re Estate of Forister*, 421 S.W.3d 175, 178 (Tex. App.—San Antonio 2013, pet. denied) (citing *Brown v. Todd*, 53 S.W.3d 297, 305 n.3 (Tex. 2001)). Whether the party asserting a claim in the probate proceeding has alleged facts affirmatively demonstrating the trial court's subject matter jurisdiction is a question of law we review de novo. *See id.* (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

Where the motion to dismiss challenges the pleadings, we construe the pleadings liberally in favor of the pleader and look to her intent. *See Miranda*, 133 S.W.3d at 226. If the pleadings do not affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the pleader should be afforded the opportunity to amend. *See id.* at 226–27. Otherwise, if the pleadings affirmatively negate jurisdiction, the motion to dismiss should be granted without any opportunity to amend. *See id.* at 227.

Where the motion to dismiss challenges the existence of jurisdictional facts, we consider the relevant evidence in the record. *See Forister*, 421 S.W.3d at 178 (citing *Miranda*, 133 S.W.3d at 227). If the relevant evidence in the record creates a fact question, the trial court must deny the motion to dismiss. *See Miranda*, 133 S.W.3d at 227–28. If the relevant evidence is undisputed or

fails to raise a fact question, the trial court may rule on the motion to dismiss as a matter of law. *See id.* at 228.

### Discussion

In two issues, appellants raise four arguments: (1) the motion to dismiss was not the proper vehicle to challenge standing; (2) the trial court erred in dismissing appellants' entire petition because the motion to dismiss did not challenge all of appellants' claims; (3) the pleadings demonstrate appellants have a justiciable, pecuniary interest in Ronald's estate (*i.e.*, standing); and (4) the trial court should have afforded appellants an opportunity to cure any jurisdictional defect by repleading. We address each argument separately and not necessarily in the order appellants raised it.

### A.      Propriety of the motion to dismiss

Appellants argue the motion to dismiss was not the proper vehicle to challenge appellants' standing. Rather, appellants contend Sharon and Travelers should have filed a "motion in limine" in lieu of a "motion to dismiss" to challenge standing.

While a proceeding challenging standing in probate may be referred to as an "in limine proceeding" because it is a preliminary, pre-trial proceeding, a motion to dismiss a claim in a probate proceeding for lack of standing is properly called a "motion to dismiss for lack of standing," rather than a "motion in limine."[2] *In re Estate of Chapman*, 315 S.W.3d 162, 164 (Tex. App.—Beaumont 2010, no pet.). An order granting a "motion to dismiss" for lack of standing is a type of appealable order this court has reviewed before. *See, e.g., In re Estate of Perez-Muzza*, 446 S.W.3d 415, 419 (Tex. App.—San Antonio 2014, pet. denied); *Forister*, 421 S.W.3d at 177.

---

[2] We note that in a guardianship proceeding, the Estates Code provides: "The court shall determine by motion in limine the standing of a person who has an interest that is adverse to a proposed ward or incapacitated person." TEX. EST. CODE ANN. § 1055.001(c). There is no similar provision applicable to probate proceedings.

Accordingly, we overrule appellants' second issue to the extent appellants argue the "motion to dismiss" was an improper vehicle to challenge appellants' standing in the trial court.

**B.      Extent of the motion to dismiss**

Appellants argue the trial court erred in dismissing their entire petition because the motion to dismiss only addressed one of appellants' two requests for relief.

Under the heading "Request for Declaratory Relief/Construction," appellants' petition asked the trial court to: (1) "declare that the Texas anti-lapse statute protects the gifts made to [Lynn]" as a "descendant" of Ronald's mother, and (2) "construe the provisions of the Will liberally to prevent lapse of any gifts, apply all presumptions in favor of [appellants], and therefore to favor the specific and residual gifts to [Lynn]." In other words, appellants sought construction of the anti-lapse statute and construction of Ronald's will itself. On appeal, appellants argue the motion to dismiss only addressed their request for statutory construction and, therefore, was inadequate to support dismissal of their request for construction of the will.

The motion to dismiss asked the trial court to dismiss appellants' "entire lawsuit" because "[t]he undisputed evidence already on file in this Cause shows there is no factual or legal basis for [appellants'] claims; therefore, they have no standing[.]" Specifically, the motion argued: (1) the anti-lapse statute is inapplicable here because Ronald and Lynn were first cousins; and (2) appellants "failed to show they have met the statutory requirement they are 'interested persons' or 'persons interested' in this Estate as required by Texas Estates Code Section 22.018[.]" The motion to dismiss, therefore, is not a partial motion to dismiss. Rather, the motion to dismiss challenged appellants' standing to assert _any_ claim in the probate proceeding. Accordingly, we turn to the primary issue in this appeal—whether appellants had standing to assert a claim in the trial court.

## C.      Standing

Any "person interested in an estate" has standing to assert claims in a probate proceeding. *Perez-Muzza*, 446 S.W.3d at 419 (citing TEX. EST. CODE ANN. § 55.001). A party has an interest in an estate if she is an heir, devisee, spouse, creditor, or any other person with a property right in or claim against the estate. *Id.* (citing TEX. EST. CODE ANN. § 22.018). The party whose standing is challenged bears the burden of proving standing. *Id.* (citing *Womble v. Atkins*, 331 S.W.2d 294 (Tex. 1960)).

Here, appellants argue they have standing as representatives and beneficiaries of the estate of a devisee under Ronald's will (Lynn). Appellants' standing, therefore, depends on whether the gift to Lynn survives despite her predeceasing Ronald.

At common law, a bequest or devise to someone who predeceased the testator lapsed unless the will identified a substitute devisee. *Lacis v. Lacis*, 355 S.W.3d 727, 733 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd w.o.j.) (citing *Chadwick v. Bristow*, 208 S.W.2d 888, 890 (Tex. 1948)). The anti-lapse statute, however, provides an exception to the common law rule. *Id.* The statute provides, in pertinent part, as follows:

> If *a devisee who is a descendant of the testator or a descendant of a testator's parent* . . . fails to survive the testator . . . the descendants of the devisee who survived the testator by 120 hours take the devised property in place of the devisee.

TEX. EST. CODE ANN. § 255.153(a) (emphasis added). The anti-lapse statute, therefore, only applies where the devisee who predeceased the testator is a descendant of the testator or a descendant of the testator's parent. *See id.*

On appeal, appellants concede that because Lynn is not a descendant of Ronald or Ronald's parents, the anti-lapse statute does not save the lapsed gift to Lynn. Instead, appellants argue the

will itself should be construed to permit the gift to Lynn to pass to the beneficiaries of and successors to Lynn's estate. Alternatively, appellants argue the will is ambiguous.

When construing a will, we must ascertain the testator's intent from the language contained within the four corners of the will. *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000). We do not focus on what the testator intended to write, but rather the words he actually used. *Id.* We may not re-draft the will to vary or add provisions "under the guise of construction" in order to produce the testator's presumed intent. *Id.* (quoting *Shriner's Hosp. for Crippled Children of Tex. v. Stahl*, 610 S.W.2d 147, 151 (Tex. 1980)). If the will is unambiguous, we will not go beyond the specific terms used in the will and will not consider any extrinsic evidence. *Id.*

Appellants argue this court should: (1) presume Ronald did not intend to die intestate, and (2) presume that by making a gift to Lynn, Ronald intended to exclude all others from that gift except the beneficiaries of and successors to Lynn's estate. Indeed, we have recognized there is a presumption that a testator intends to dispose of all his estate rather than die intestate. *Wilkins v. Garza*, 693 S.W.2d 553, 555 (Tex. App.—San Antonio 1985, no writ) (citing *Briggs v. Peebles*, 188 S.W.2d 147, 150 (Tex. 1945)). "Where the will contains a residuary clause the presumption against intestacy is especially strong." *Id.* (citing *Stahl*, 610 S.W.2d at 151).

Ronald's will contains a residuary clause designating Lynn the only residual beneficiary:

> If any of my above three named [former step-]children should not survive me by at least ten (10) days, I hereby give, devise and bequeath all property left to said persons to my cousin, SUSAN LYNN PETREY.

The will, however, contains no similar provision addressing the possibility that Lynn would predecease Ronald.[3] "Absent words of survivorship or substitution, or the application of [the anti-lapse statute], a bequest to a residuary beneficiary who predeceases the testator will lapse and pass

---

[3] We note Lynn predeceased Ronald by approximately 5 years.

to the testator's heir-at-law." *Block v. Edge*, 608 S.W.2d 340, 341 (Tex. App.—Houston [14th Dist.] 1980, no writ) (citing *Swearingen v. Giles*, 565 S.W.2d 574 (Tex. App.—Eastland 1978, writ ref'd n.r.e.); *Tabor v. Nat'l Bank of Commerce of San Antonio*, 351 S.W.2d 126 (Tex. App.—San Antonio 1961, no writ)).

Accordingly, because the will does not designate an alternate residuary beneficiary, the specific gifts to Lynn and the residuary estate pass to Ronald's heirs rather than to the beneficiaries of and successors to Lynn's estate. *See id.* There is no language within the four corners of the will compelling a different result, nor is there any relevant ambiguity in the will. Because the will itself does not provide that the gift to Lynn survives despite her predeceasing Ronald, appellants are not devisees and lack standing to assert claims in the probate proceeding. *See* TEX. EST. CODE ANN. § 22.018; *Perez-Muzza*, 446 S.W.3d at 419. Appellants' first issue is overruled.

### D.     Leave to amend

Finally, appellants argue the trial court should have afforded them an opportunity to cure any jurisdictional defect by repleading. As noted above, where a motion to dismiss challenges the pleadings and the pleadings do not affirmatively demonstrate incurable defects in jurisdiction, the party whose standing is challenged should be afforded the opportunity to amend. *See Miranda*, 133 S.W.3d at 226–27. Here, however, the motion to dismiss explicitly challenged the existence of jurisdictional facts, arguing: "The undisputed evidence already on file in this Cause shows there is no factual or legal basis for [appellants'] claims; therefore, they have no standing[.]" Appellants bore the burden of responding with evidence sufficient to create a fact question regarding their standing to contest the will. *See Perez-Muzza*, 446 S.W.3d at 419. Because they failed to do so, the trial court was authorized to rule on the motion to dismiss as a matter of law without affording appellants leave to amend. *See Miranda*, 133 S.W.3d at 228; *see also Scarbrough v. Metro. Transit Auth. of Harris Cnty.*, 326 S.W.3d 324, 339 (Tex. App.—Houston [1st Dist.] 2010, pet. denied)

("Because the jurisdictional facts upon which we rely were largely uncontested and because [appellant] has otherwise failed to indicate that there is any genuine fact issue to be resolved, and thus her lack of standing cannot be changed by merely repleading her case, we need not remand."). Accordingly, we overrule appellants' second issue to the extent appellants argue the trial court erred in denying them leave to amend their pleadings before dismissing their petition.

## Conclusion

Having overruled appellants' issues on appeal, we affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice